RuffiN, C. J.
 

 The payment to Bumpass discharged the debt. It made no difference, that he did not pay the money over. That was between him and his principal,
 
 *122
 
 Allen. As he was Allen’s agent, with authority to receive the money, the payment of it to him was the same as payment to the creditor personally. Then, as the debt was discharged, the second payment, to Allen himself, was without consideration, and made by mistake ; and the case is, therefore, one of those common ones, stated in the books, in which the action for money had and received lies. The second' payment was not voluntary, in any sense that, can affect this action. It is true,, it was not illegally exacted by process or by duress* But that is not the criterion. Money paid as a debt, under a mistake and where no debt exists, may be recovered back, although there was no compulsion on the person to make the payment. There was no intention here to make a gift of the money, so as in that sense to constitute it a case of a voluntary payment. On the contrary, it was clear that the
 
 money
 
 was paid and received in discharge of a debt then believed to subsist. In that there was a total mistake on the part of the person making the payment, and, probably, on that of the receiver also ; and it is plain that money, thus got under a mistake, and for no consideration, cannot be kept
 
 ex equo et bono.
 
 On that ground, then, the plaintiff was entitled to a verdict. But here the case goes further, and sets out in substance an express promise to return the money, if it were not then properly payable to the defendant. It was said, indeed, that the defendant’s promise was to indemnify Long against personal loss, and did not extend to the present plaintiff. But clearly the promise must be considered as made to Long in the character in which he was then acting, namely,- as the plaintiff’s agent. The case is one, therefore, in which there can be no hesitation in affirming the judgment.
 

 Per Curiam. , Judgment affirmed--