Battle, J.
 

 It is the settled law of England, and has been so considered ever since the case of
 
 Harriot
 
 v.
 
 Hampton,
 
 7 Term Rep. 265, that where money has been paid by the plaintiff to the defendant under the compulsion of a recovery at law, which is afterwards discovered not to have been due, the plaintiff cannot recover it back in an action for money had and received. The rule is necessary to prevent the repeated and protracted litigation of
 
 *444
 
 the same matter ; it being better that one person should occasionally suffer the wrong and inconvenience of paying- an unjust claim, than that every person should be rendered insecure in the fruits of a recovery at law.
 
 Interest reipublicce ut sit 'finis lilium.
 
 Upon a principle somewhat similar, it was said by Mr. Justice Patterson, in the case of the
 
 Duke de Cadoval
 
 v.
 
 Collins, 4
 
 Ald. & Ell. 858,
 
 (31 Eng. C. L.
 
 Rep. 206) that ’‘where there is
 
 bona fides,
 
 and money is paid with full knowledge of the facts, though there be no debt, still it cannot be recovered back.” So it was held by Mr. Justice Bayley, in
 
 Milner
 
 v.
 
 Duncan,
 
 6 Barn. & Cress. Rep. 671 (13 Eng. C. L. Rep. 294) that “if a party pay money under a mistake of the law, he cannot recover it back. But if he pay money under a mistake of the real facts, and no
 
 laches
 
 are imputable to him in respect of his omitting to avail himself of the means of knowledge within his power, he may recover back such money.” Many other cases involving these principles have come before the Courts of England, in some of which very nice distinctions are drawn, so as to make the decisions sometimes appear almost contradictory ; but upon a review of the whole of them, Mr. Smith in his leading cases page 244, states these points to be clearly settled :
 

 “1. That money obtained by compulsion of law,
 
 bona fide,
 
 and without taking an advantage of the situation of the party paying it, is not recoverable.
 

 2.
 
 That money paid with full knowledge of the facts is not recoverable, if there be nothing unconscientious in the retainer of it.
 

 i 3. That money paid in ignorance of the facts is recoverable, provided there have been no
 
 laches
 
 in the party paying it.”
 

 The American notes to the same work show, on tb© same page, that the principles above stated have been recognized in several of the States of the Union. In this
 
 *445
 
 State there is no doubt that money paid under a judgment, or paid under legal process before judgment, where no advantage is taken of the situation of the party paying, cannot be recovered back. And it has been decided that it may be recovered if paid under a mistake of the facts.
 
 Pool
 
 v.
 
 Allen,
 
 7 Ire. Rep. 120. No case has been brought to our attention, where our Courts have held, that if the money have been paid with a full knowledge of the facts but in ignorance of the law, it can be recovered back. We have certainly however adopted, as a principle of our law, that necessary maxim, that
 
 igno-rantia juris excusat neininem,
 
 and we think it equally applicable to the payment of money under a mistake of the law, as to any other case. If so, it must govern the case before us. Here the plaintiff’s agent, having full knowledge of all the facts, paid the money to an officer indeed, but to one who had, and could have had, no legal process against the plaintiff to compel the payment, and we think it not unconscientious that he should retain it. The judgment must therefore be affirmed.
 

 PBS CURIABÍ. Judgment affirmed.