Ruffin, C. J.
 

 Were the case to be governed by the Statute of Gloucester, it would seem to be for the plaintiff. For, by that act, the warranty of tenant by the cur-tesy bars the heir from recovery of the mother’s land, only when assets in fee simple descend from the father, regard being had to the value. Of course, that excludes all notice of the personalty, which came to the son from the father’s estate. And, as to the realty, Lord Coke lays it down, that, to constitute a bar, “assets” must at the time, of descent, be of equal value with the premises warranted, or more ;
 
 Co. Lit.
 
 374 : which is not the case here. But that point is not to be considered at this dáy, as the statute 6
 
 Ed.
 
 1,
 
 ch.
 
 1, is superseded by the subsequent inconsistent act of 4
 
 Anne., ch.
 
 16, sec. 2l, which covers the whole ground. Indeed, in our Rcvisal, the Statute of Gloucester is omitted, and that of Anne alone re-enacted. No regard is had in it to assets. It enacts generally, that all warranties by a tenant for life shall be void, as against any person in reversion or remainder ; and that all col
 
 *364
 
 lateral warranties by any ancestor, not having an estate of inheritance in possession, shall be void against his heirs.
 
 Rev. St. Ch.
 
 43,
 
 Sec. 8.
 
 That is aft express provision for the case before us; and, certainly, it promotes the justice due to all persons concerned. The statute avoids the warranties mentioned in it, as warranties, properly and technically speaking ; that is, as real contracts of the ancestor, which rebut the heir or on which he may be reached ; and it has no other effect. That is obvious, when it is noted, that those warranties are not absolutely void, but only against the reversioner, remainderman, or heir, claiming the land ; and, therefore, that they are valid, as covenants, on which damages may be recovered, against the covenantor himself and his executors. It follows thence, that, as such covenants, they would bind the" heir also to answer in damages for their breach, to the extent of assets descended. But, then, all the heirs would be equally and together liable ; which would be just and equitable, instead of throwing the whole loss — at least, at law — on one of the heirs, by rebutting him from the recovery of his mother’s land, as is attempted here. The statute works no hardship on the purchaser, as it leaves him an adequate redress in a personal action on the covenant ; and it deals impartially between the covenantor’s children by drawing the compensation for the breach of covenant from a fund, in which they are all equally interested, either as next oí kin or heirs at law of the father
 

 Pee Cueiam. Judgment affirmed.