State on relation of THE COMMISSIONERS OF PENDER v. JAMES B. McPHERSON and others.

### Pleading—Suit by Commissioners.

A complaint by the board of commissioners upon the official bond of a county tax collector, alleging a default of payment to the county treasurer is demurrable if it fails to set forth directly and positively, and not by way of recital merely, that the treasurer improperly neglects or refuses to sue.

(*Com'rs of Bladen* v. *Clarke*, 73 N. C. 255, cited and approved.)

CIVIL ACTION on an official bond tried at Fall Term, 1877, of PENDER Superior Court, before *Moore, J.*

The facts applicable to the point decided by this Court appear in the opinion. His Honor sustained the demurrer to the complaint and the plaintiff appealed.

*Messrs. Edw. Cantwell* and *Bruce Williams*, for plaintiff.
*Mr. D. L. Russell*, for defendants.

RODMAN, J. This action is brought in the name of the State on the relation of the board of commissioners of Pender county against McPherson and his sureties upon a bond given by them upon his appointment as tax collector for that county. The breaches assigned are that McPherson collected sundry taxes and failed to pay the same to the county treasurer upon demand by him, and also that he and his sureties by such failure became liable to certain penalties and interest which they have failed to pay. After

stating the facts of which the above is a summary, the complaint proceeds, " and that the said chairman of the board of commissioners by virtue of his and their said office, and upon the failure and refusal of the county treasurer of said county to institute this suit, has and have in consequence of that refusal and neglect of the county treasurer the right to institute this action in the name of the State on said official bond * * * and said action is brought by the present acting chairman of the board of commissioners of said county for the recovery of the sum of $2,840.48 and interest as aforesaid, and the penalties aforesaid as required by law." Wherefore the plaintiff demands judgment, &c.

Defendants demurred to the complaint and assigned for cause : " 1st–That the action can be maintained only in the name and at the instance of the county treasurer and not by the board of commissioners." The second cause assigned was waived in this Court. The demurrer does not mean to say as a proposition of law (as it was contended for the plaintiff that it did) that in no case can an action on the bond of a tax collector be brought on the relation of the county commissioners, but only that an action so brought can not be maintained upon the facts set forth in this complaint.

The question made by the demurrer is whether upon the facts alleged in the complaint, the action can be maintained, being upon the relation of the county commissioners and not of the county treasurer.

In *Commissioners of Bladen* v. *Clarke,* 73 N. C., 255, it was held that no action upon the bond of a sheriff for a failure to pay taxes could be brought on the relation of the commissioners except on the failure or refusal of the county treasurer to bring the action. Bat. Rev. ch. 102, §§ 39, 41.

§ 93 of C. C. P. says the complaint shall contain : " 2, A *plain* and concise statement of the *facts* constituting a cause of action," &c. That must mean a statement of *all* the facts necessary to enable the plaintiff to recover. By a

" plain " statement we understand to be meant a direct and positive averment of the fact, which does not leave the existence of the fact to be inferred merely from the existence of some other fact. This constitutes rules 3 and 5 in Stephen on Pleading 384, 388. Now it seems to us that the complaint in this case does not any where *directly* aver as a fact that the county treasurer had failed or refused to bring suit. It says " that the chairman &c. *upon* the failure &c. of the county treasurer, &c. has in consequence of that refusal the right to institute this action " &c., which is not the statement of a fact but of a proposition of law. The complaint continues,—" and the action is brought by the chairman &c. as required by law " which also is the statement of a proposition of law ; or to take the most favorable view of it, it is a statemet that all the facts which the law requires to enable the plaintiff to recover, exist, which would certainly be too general a way of stating them. Perhaps the defect would have been cured by verdict. But the defendant pointed out the defect by his demurrer and the plaintiff by refusing to amend accepted the issue of the sufficiency of his complaint in form. The demurrer must be sustained.

No error.                                        Affirmed.