W. H. WORTH, State Treasurer, v. M. I. STEWART and J. C. STEWART.

(Decided March 29, 1898.)

*Public Printers—Accounts for State Printing—State Examiners—Finding—Estoppel—Recovery of Money Paid Through Mistake—Pleading—Demand.*

1. The examiners provided for in Section 3622 of *The Code*, whose duty it is to examine and certify to the correctness of accounts for public printing, are not arbitrators or a special tribunal with such powers and jurisdiction as to make their certificate of correctness of the accounts a judgment binding, as an estoppel, upon the State.

2. The State may, like an individual, recover money wrongfully paid under a mistake of fact; and, hence, where examiners of pub-

WORTH *v.* STEWART.

lic printing, through a mistake of fact, certified to the correctness of accounts for public printing and the State Auditor, in ignorance of the facts, issued warrants therefor, and the State Treasurer, in like ignorance, paid the same, the State may maintain its action to recover the money so paid.

3. Where a complaint in an action by the State to recover money wrongfully paid to the defendants through mistake, alleged that the defendants "wrongfully, unlawfully and unjustly withhold from the State" the large amount alleged to be due; *Held* that a demand on the defendants and their refusal to pay were substantially and sufficiently alleged.

CIVIL ACTION by W. H. Worth, as State Treasurer, against defendants, former public printers, to recover money erroneously paid in settlement of incorrect accounts for public printing, heard on complaint and demurrer before *Robinson, J.*, at October Term, 1897, of WAKE Superior Court. The substance of the complaint and the grounds of demurrer are set out in the opinion. His Honor overruled the demurrer and defendants appealed.

*Messrs. Douglass & Holding* and *W. N. Jones* for plaintiff.
*Mr. R. O. Burton* for defendants (appellants).

FURCHES, J.: Under an Act of the General Assembly of 1895, the defendants on the 27th day of February, 1895, entered into a contract with the State, as public printers, by which they were to do the public printing for the State at specified prices therein stated. The plaintiff being the public treasurer of the State, on the 28th June, 1897, commenced this action against the defendants, in which he alleges that, owing to mistakes as to the facts, the parties selected to examine and pass upon the work of the defendants were induced to pass upon and to certify to the correctness of a large number of

accounts presented by the defendants that were incorrect; that said accounts having been thus certified, the auditor was induced to issue warrants thereon in ignorance of the false accounts of the defendants, and the public treasurer, in ignorance of the facts, paid the same.

To this complaint the defendants demurred upon the ground that the complaint does not state a cause of action, and assign as grounds: For that it appears that said accounts were presented to the two practical printers as provided in Section 3622 of *The Code*; that said two practical printers were arbitrators or a special tribunal provided by law for the purpose of passing upon said accounts, and in either event their action was final—*res judicata*—and cannot be reviewed by the courts: For that said complaint does not allege that the action of the two practical printers was procured by fraud and misrepresentation of the defendants, and that there was no demand before bringing action.

The grounds of the demurrer are more elaborately stated than we have stated them. But this statement covers all the grounds of error assigned. The argument before us took a much broader scope on both sides than that contained in the complaint or the demurrer. The plaintiff stated that the reason he did not make more direct and positive averments in his complaint than he did, was the fact that the defendants were public officers and he did not think it proper to do so. Of course we cannot take notice, in giving our judgment, of matters outside of the record. And while we do not think a pleader is ever justified in using invectives, we know of no rule or reason why he should not state his case in a plain, business-like manner—saying in words what he would like to have it understood he meant. If the plaintiff had stated in his complaint what he alleged

the facts to be in his argument before us, we have but little idea that this case would now be before us on demurrer.

We do not agree with the defendants that the two examiners were arbitrators, nor do we agree with them that they were a special tribunal provided by law for the trial of these or any other matters between the State and the defendants, with such powers and jurisdiction as to make their certificate of correctness a judgment that would amount to an estoppel—*res judicata.* It could be no more than a prerequisite to the action of the auditor in issuing his warrant. We cannot say but what the complaint is to some extent liable to the criticism made upon it by the defendants, "a little hazy." But it says that by a mistake of facts and ignorance of the same (which facts must have been furnished by the defendants) these examiners were induced to approve erroneous accounts of the defendants; and the auditor, in ignorance of these erroneous facts, was induced to issue his warrants, and the treasurer, in ignorance of these erroneous facts, paid the warrants. This is all admitted to be true by the defendant's demurrer—that under a mistake of facts the defendants have imposed upon the State, and have thereby collected out of the State several thousand dollars they were not entitled to. Money wrongfully paid under a mistake of fact between individuals may be recovered back. *Pool* v. *Allen*, 29 N. C., 120; *Newell* v. *March*, 30 N. C., 441; *Adams* v. *Reeves*, 68 N. C., 134; *Lyle* v. *Siler*, 103 N. C., 261. And if it can be recovered back between individuals, why can it not be recovered back by the State?

The objection that there was no demand made before suit was brought cannot be sustained. It is true that

the plaintiff does not in direct terms, as most pleaders would have done, state that a demand had been made and payment refused. But it seems to us that he has substantially done so. After stating the large amount due from the defendants to the State, he says, "which they wrongfully, unlawfully and unjustly withhold from the State", and the defendants admit this to be true, but say, "we were not asked to pay." We cannot allow this objection to protect the defendants from an investigation of this transaction.

Nor can we sustain the defendants' objection to the plaintiff's second cause of action. As it appears to us there is a cause of action stated, and if it is not sufficiently specific the defendants had a right to demand a bill of particulars.

It seems to us that the defendants' demurrer depended upon the assignment that alleged that the action of the examiners in passing the accounts was a final adjudication of the matter, and an estoppel. And when they failed to sustain this defence, the defendants' whole demurrer failed. The judgment is affirmed.

Affirmed.