### JAMES A. SIMMS v. SAM H. VICK.

(Filed 29 September, 1909.)

**Notes—Overpayment—Mistake of Fact—Recovery.**

When plaintiff has overpaid his note owing to his having forgotten a previous payment, it is a mistake of fact, and not of law, against which he may be relieved; and the mere fact that he

had means of knowing does not necessarily preclude him from recovering in his action therefor.

APPEAL from *O. H. Allen, J.,* February Term, 1909, of WIL-SON.

The plaintiff sued the defendant, before a justice of the peace, upon two causes of action, to-wit: (1) for $40 due by note; (2) for $67.50, an overpayment on a note of $175. The justice gave judgment in favor of plaintiff on the note of $40, from which judgment plaintiff appealed. At the trial in the Superior Court defendant tendered judgment for the $40 interest and costs, and his Honor submitted the following issues to the jury: "Is the defendant, S. H. Vick, indebted to the plaintiff; and, if so, in what amount?" to which the jury responded, "Yes, for $67.50 and interest." The record then proceeds: "Thereupon, on motion, the verdict was set aside upon the grounds that the mistake in overpayment claimed by the plaintiff was not such a mistake as the law would relieve against. Plaintiff excepts. And it was ordered that plaintiff do not recover the amount claimed to have been overpaid upon the note of $175." Judgment was thereupon entered in favor of plaintiff for $40 interest and costs, and further that plaintiff was not entitled to recover the overpayment of $67.50, upon the grounds stated above. To this part of the judgment plaintiff excepted and appealed to this Court.

*J. D. Bardin* for plaintiff.
*Connor & Connor* for defendant.

MANNING, J., after stating the case: Upon the trial plaintiff produced receipts of the defendant for $67.50 more than the principal and interest of his note. The note was dated 3 March, 1906, and was due 1 November, 1906. The receipts were dated from 6 March, 1906, to 12 November, 1906. Upon the payment made on the last-named day the note was surrendered to plaintiff, endorsed: "Paid in full." The plaintiff testified that he could not read, and on the day of the last payment had forgotten the first payment and his receipt therefor. The defendant testified that he had no personal knowledge of the receipts to plaintiff, as they were signed by his clerks and bookkeeper, and that plaintiff did not mention to him the overpayment for twelve months afterwards. The jury found the issue in favor of plaintiff.

The question presented is whether his Honor erred in holding that, upon the verdict, the mistake was a mistake of law and could not be relieved against. We think his Honor committed error. A voluntary payment, with a knowledge of all the facts,

cannot be recovered back, although there was no debt. But a payment under a mistake of fact may be. *Adams v. Reeves,* 68 N. C., 134; *Pool v. Allen,* 20 N. C., 120; *Newell v. March,* 30 N. C., 441; *Lyle v. Silver,* 103 N. C., 261; *Worth v. Stewart,* 122 N. C., 258; *Comrs. v. Comrs.,* 75 N. C., 240; *Pearsall v. Mayers,* 64 N. C., 549. In *Pool v. Allen, supra,* Ruffin, C. J., states the reason for this principle with his usual force: "There was no intention here to make a gift of the money, so as in that sense to constitute it a case of a voluntary payment. On the contrary, it was clear that the money was paid out and received in discharge of a debt then believed to subsist. In that there was a total mistake on the part of the person making the payment, and probably on that of the receiver also; and it is plain that money thus got under a mistake, and for no consideration, cannot be kept *ex equo et bono.*" In 30 Cyc., p. 1318, it is said: "And money paid under a *bona fide* forgetfulness of facts, which disentitled the party to receive it, is paid under a mistake of fact and may be recovered." And again: "The knowledge of the facts which disentitles the party from recovering means a knowledge existing in the mind at the time of payment." *Kelly v. Solari,* 9 M. & W., 54; *Guild v. Balridge,* 2 Swan (Tenn.), 295; *Lewellen v. Garrett,* 58 Ind., 442; 26 Am. Rep., 74. Nor is it sufficient to preclude a party from recovering money paid by him under a mistake of fact, that he had the means of knowledge of the fact, unless he paid it intentionally, not choosing to investigate the fact. *Kelly v. Solari,* 9 M. & W., 54.

His Honor should have entered judgment upon verdict for the plaintiff, and in his failure to do so for the reasons assigned by him there is error. The action is remanded, that judgment may be entered upon the verdict for the plaintiff.

Error.    Remanded.