CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant, vs. MALLEABLE IRON RANGE COMPANY, Respondent.

*April 9—May 12, 1925.*

*Payment: On mistake of facts: Recovery.*

1. Care and diligence to ascertain the facts on the part of the party making a payment is not an essential element of his right to recover the money paid, if he made such payment upon a mistaken understanding of the facts, and especially where he was under no legal or moral obligation to make the payment and received no benefit therefrom. p. 95.

2. A railroad company seeking to recover money paid to a consignee upon a claim presented by the latter for damage to a shipment of goods, the claim being accompanied by an affidavit stating that the consignment was in first-class condition at the time it left the consignor, was not precluded from recovering money paid under a mistake of fact, on ascertaining that the affidavit was false, although it might have obtained knowledge of the facts by reasonable inquiry. p. 94.

APPEAL from an order of the circuit court for Dodge county: C. M. DAVISON, Circuit Judge. *Reversed.*

For the appellant there was a brief by *H. J. Killilea* and *Rodger M. Trump,* both of Milwaukee, and oral argument by *Mr. Trump.*

For the respondent there was a brief by *Lueck, Clark & Lueck* of Beaver Dam, and oral argument by *Arthur W. Lueck.*

OWEN, J. This is an appeal from an order sustaining a demurrer to a complaint which, in substance, alleges that a shipment of steel made by the Seneca Iron & Steel Company of Lackawanna, New York, to the defendant at Beaver Dam, Wisconsin, was rusted and damaged by water which came through the sides and roof of the car while in transit, and that the defendant presented a claim against the plaintiff for $1,603.76. This claim was accompanied by an affidavit made by one Quinn, who stated that he was an employee of

the consignor; that he attended to the loading of the car; that the consignment was in first-class condition in every respect, free from rust or other imperfections of any kind; that the car was carefully inspected and was in good condition, having been given to the consignor by the South Buffalo Railway Company for loading sheet steel; that plaintiff relied upon the affidavit of said Quinn and paid defendant the amount of its claim; that at the time of such payment plaintiff had no knowledge or information of the inspection or of the condition of said car at the time of shipment except that gained from the aforesaid affidavit; that since payment of said claim it has learned that the affidavit of said Quinn was false; that said car was not in good condition and was not furnished by the South Buffalo Railway Company as proper equipment for loading sheet steel, and that when the car in question was furnished the consignor, the consignor was expressly notified by the South Buffalo Railway Company that said car was defective and was not a fit car in which to ship Senaca sheet steel, and that said car was chalked "Cut roof tins leaky, not fit for Seneca."

The trial court held that the complaint did not state a cause of action for the recovery of money paid under mistake, because the plaintiff was negligent in relying upon the affidavit of Quinn as to the condition of the car in which the shipment was made, and that it was not enough to entitle plaintiff to recover that the money was paid under a mistake of fact actually entertained by the plaintiff if by reasonable inquiry it might have obtained the facts.

The principle invoked by the trial court in this case is applicable in many classes of actions where it is sought to rescind or avoid contracts, but it is not applicable in actions brought to recover money paid by mistake, especially where there is no legal or moral obligation on the part of the party making the payment, where he receives no benefit or consideration for the money paid, and where it, in effect, amounts to nothing more than a gift. The rule is quite well

settled that care and diligence to ascertain the facts on the part of the party making payment is not an essential element of his right to recover if in fact he made the payment upon a mistaken understanding of the facts. *Kingston Bank v. Eltinge,* 40 N. Y. 391; *Simms v. Vick,* 151 N. C. 78, 65 S. E. 621, 24 L. R. A. n. s. 517; note in 94 Am. State Rep. p. 415; 21 Ruling Case Law, 168, 169. The complaint states a cause of action, and the demurrer should have been overruled.

*By the Court.*—Order reversed, and cause remanded with instructions to overrule the demurrer.