ATLANTIC LIFE INSURANCE COMPANY v. SADIE JONES DEY.

(Filed 11 April, 1934.)

**Bills and Notes H a—Complaint alleging deficiency after foreclosure and interest held not demurrable for failure to allege maturity and demand.**

In an action to recover deficiency after foreclosure, a complaint alleging the execution of the notes and deed of trust, foreclosure of the deed of trust and application of proceeds of sale to the notes, deficiency in proceeds of sale in a sum named with interest from date of foreclosure *is held* not demurrable on the ground that it does not allege said balance is due and unpaid or that demand therefor has been made and refused, the allegation of deficiency in payment with interest from date of foreclosure being sufficient to charge the maturity of the unpaid balance, and the foreclosure being tantamount to demand for payment, the complaint being liberally construed as a whole upon demurrer.

APPEAL by defendants from *Frizzelle, J.,* at December Term, 1933, of CARTERET.

Civil action to recover $635.12, with interest from 7 July, 1933, balance due on ten promissory notes, executed by Sadie Jones Dey and her husband, C. P. Dey, to plaintiff.

The complaint alleges:

1. Execution by defendants to plaintiff, the present holder, of ten notes aggregating $3,750, dated 10 January, 1929, and deed of trust to secure same duly registered in Book 63, page 20-C, registry of Carteret County. Notes were not given for purchase of land mortgaged to secure their payment.

2. Foreclosure of deed of trust and application of proceeds as payment on notes, 7 July, 1933. Defendants' attorney present and made no objection to sale. No upset bid filed. Report of settlement was filed in office clerk Superior Court, Carteret County, to which reference is hereby made and asked to be taken as part hereof as though so exhibited.

3. Deficiency in proceeds from sale amounts to $635.12, with interest from date of foreclosure. Said notes were tendered to be enrolled in the judgment as and when entered in this cause.

4. Prayer for judgment.

Demurrer interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action, in that, it is not alleged said balance is now due and unpaid, or demand has been made therefor and refused. Overruled; exception; appeal.

*Julius F. Duncan for plaintiff.*
*Ward & Ward for defendants.*

STACY, C. J. Viewing the allegations of the complaint with the liberality which the law requires on demurrer, it would seem that the allegation of deficiency in payment with interest from date of foreclosure is sufficient to charge the maturity of the unpaid balance, and, if not otherwise alleged, the foreclosure was tantamount to demand for payment. *Worth v. Stewart,* 122 N. C., 258, 29 S. E., 579; 21 R. C. L., 119; 1 Abbott's Forms of Pleading (3d), 338.

It is true, the complaint is little more than a skeleton (*Thompson v. Johnson,* 202 N. C., 817, 164 S. E., 357)—wholly devoid of redundancy—but considering it in its entirety, it would seem to be sufficient as against a demurrer. *Meyer v. Fenner,* 196 N. C., 476, 146 S. E., 82; *Blackmore v. Winders,* 144 N. C., 212, 56 S. E., 874.

Affirmed.