N. R. HUSSEY v. E. B. KIDD, EXECUTOR OF K. H. HUSSEY, AND BAXTER HUSSEY AND OTHERS, HEIRS AT LAW OF K. H. HUSSEY.

(Filed 22 January, 1936.)

1. **Pleadings D e—**

A demurrer admits the truth of the allegations of fact in the complaint and relevant inferences of fact to be drawn therefrom, but does not admit conclusions of law contained therein.

2. **Trusts C b—Heir of wife held not entitled to follow proceeds from sale of land by tenant by the curtesy consummate.**

Where a tenant by the curtesy consummate in lands sells such lands by deed of bargain and sale with covenants of seizin, and invests the proceeds of sale in other lands, and thereafter dies, the sole heir at law of his wife, who died seized of the lands, may not recover from the estate of the tenant by the curtesy the funds received by the tenant from the sale of the lands nor claim a lien against the lands purchased with the proceeds of sale, the proceeds of sale belonging to the tenant subject only to the right of action of the purchaser for breach of covenants, and the heir is relegated to an action for the land against the purchaser from the tenant, his title not being rebutted by the tenant's general warranties and covenants of seizin.

APPEAL by the defendants from *Alley, J.*, at May Term, 1935, of MOORE. Reversed.

*J. H. Scott and W. R. Clegg for plaintiff, appellee.*
*M. G. Boyette for defendants, appellants.*

SCHENCK, J. The complaint alleges that K. H. Hussey and Mary Eliza Brady Hussey became man and wife in 1880, and that the plaintiff N. R. Hussey was the only child and heir at law born to this union; that Mary Eliza Brady Hussey was the sole owner of a tract of land containing 75 acres, and died intestate on 29 December, 1887; that subsequent to the death of the said Mary Eliza Brady Hussey, K. H. Hussey intermarried with one Mishie Purvis, and that thereafter, on 9 December, 1892, K. H. Hussey and his then wife, Mishie Purvis Hussey, undertook to convey in fee simple to E. S. Maness, by deed with general warranties and covenants of seizin, for the sum of $300.00, the 75-acre tract of land in which K. H. Hussey had only the right of curtesy consummate; that the $300.00 received by K. H. Hussey for the 75-acre tract of land was used to purchase a 116-acre tract of land, deed for which was taken in the name of K. H. Hussey. The complaint further alleges that K. H. Hussey died on ...... February, 1934, leaving surviving him his children as his only heirs at law, namely, the plaintiff,

a child by his first wife, Mary Eliza Brady Hussey, and the defendants (other than the executor), children by his second wife, Mishie Purvis Hussey. The complaint also alleges that the "land (the 75-acre tract) and the proceeds of its sale were the sole and separate property of this plaintiff," and that "K. H. Hussey held said land (the 116-acre tract) in trust for this plaintiff as the sole and only heir at law of his mother, and this plaintiff is entitled to recover the same from the defendants in this action," and that the plaintiff "is entitled to recover of the defendants the sum of $300.00, with interest at the rate of six per cent per annum from 9 December, 1892, the date of the sale of the land (the 75-acre tract) belonging to plaintiff, and the investment of its proceeds in the (other) land (the 116-acre tract) until paid, and that such recovery is a first and prior lien upon the (said later mentioned) land . . . in preference to all other claims by the defendants, heirs at law of K. H. Hussey, deceased, or the estate of K. H. Hussey."

The prayer for relief is to the effect (1) that the plaintiff be declared the owner and entitled to the possession of the 116-acre tract, and (2) that the plaintiff recover of the estate of K. H. Hussey the sum of $300.00, with interest from 9 December, 1892, and that recovery be declared a first lien against any assets in the hands of the executor.

The plaintiff expressed his desire to take a voluntary nonsuit as to any claim to the 116-acre tract, and renounced all right to recover said land in this action, but insisted upon his right to prosecute the action for the funds used in the purchase of said land. Whereupon, the court entered judgment to the effect "that the plaintiff be nonsuited as to his right to prosecute the action as to the land described in the pleadings (the 116-acre tract), but his right to prosecute the action as to the funds used in the purchase of said land that may arise upon the pleadings is retained."

Upon the entering of the aforesaid judgment of voluntary nonsuit as to a portion of the plaintiff's complaint, the defendants demurred *ore tenus* to the remaining portion thereof for that it did not set forth facts sufficient to constitute a cause of action against the defendants, in that it alleges that K. H. Hussey sold and conveyed the 75-acre tract of land of which he was not the owner; and that while the plaintiff, under the facts alleged, might have a cause of action against the purchaser of said lands for the recovery thereof, he would have no cause of action against the defendants for the recovery of the $300.00, alleged to have been paid for said land, as the plaintiff would have no interest in the fund of $300.00 for the reason that K. H. Hussey did not and could not make a valid deed conveying in fee land in which he owned no interest except a right of curtesy consummate, and that under the facts alleged in the

complaint the plaintiff cannot successfully maintain, as a matter of law, that the money constituted a trust fund.

The demurrer was overruled and the defendants reserved exception, and this exception presents a determinative question on this appeal, and renders unnecessary the consideration of the other exceptions subsequently taken during the course of the trial.

While the demurrer admits the truth of the allegations of fact contained in the complaint and the relevant inferences of fact to be drawn therefrom, it does not admit the conclusions of law contained therein. *Scales v. Bank & Trust Co.,* 195 N. C., 772. The allegations to the effect that the proceeds of the sale of the 75-acre tract was the sole and separate property of the plaintiff, and that the $300.00 received by K. H. Hussey for the 75-acre tract and invested by him in the purchase price of the 116-acre tract, constituted a trust fund and a first and prior lien upon the 116-acre tract, or the assets in the hands of the executor, are purely allegations of conclusions of law drawn by the pleader, and as such are not admitted by the demurrer.

Under the alleged facts, we are called upon to determine whether the giving to a third party of a deed, with general warranties and covenants of seizin, by a life tenant by curtesy consummate for land of which his wife died seized, in consideration of cash to him paid, and the use by him of the cash so paid to buy other land constitute a cause of action by the remainderman, the sole heir of the deceased wife, against the estate and the heirs at law of the said late life tenant for the amount of the cash so paid to him, and, if so, does such claim constitute a prior lien upon the land bought with the cash paid by said deed, or upon the assets of estate of the said late life tenant in the hands of his executor.

K. H. Hussey could sell such estate as he had in the land, namely, an estate by the curtesy consummate. *Long v. Graeber,* 64 N. C., 431. However, when he sold the land of which his wife died seized by deed of bargain and sale, with general warranties and covenants of seizin, the right of the heir of his wife to the land was not rebutted by such warranty and covenants, *Johnson v. Bradley,* 31 N. C., 362, and the consideration paid was received by K. H. Hussey for such title as the deed passed, and was his property, subject only to such right of action as the grantee therein may have against him for breach of warranties or covenants of seizin. The plaintiff, as heir at law and remainderman after the life estate of his father, as tenant by curtesy consummate, has no right of action for the consideration paid to his father, since it was paid for such title as his father had and as was passed by the deed.

It would seem that the plaintiff is relegated to his right of action to recover the land from whomsoever may be now in possession thereof and

claiming the same either by or through the deed of K. H. Hussey, which right of action apparently accrued upon the death of K. H. Hussey in 1934.

We conclude that the demurrer *ore tenus* should have been sustained, and for that reason the judgment of the Superior Court is

Reversed.