## CITIZENS BANK OF MARSHALL v. GRADY GAHAGAN ET AL.

(Filed 23 September, 1936.)

1. **Executors and Administrators D h—Complaint declaring on note and maker's assignment of his interest in estate held insufficient to allege cause of action against executors of the estate.**

   Plaintiff brought this action against the maker of a note and against the executors of his father's estate, alleging that the maker had assigned his interest in his father's estate as collateral security for the note, and that the executors owed the maker a sum in excess of the note which had not been paid to plaintiff. *Held:* A motion to dismiss as to one of defendants on the ground that she had never qualified as an executrix should have been allowed, and the other executors' demurrers in their individual and representative capacities should have been sustained, the complaint stating no cause of action against them individually, and its allegations being insufficient to state a cause against them in their representative capacity, since plaintiff did not allege the facts upon which he concluded they owed the maker the sum alleged, or that the sum alleged was covered by the maker's assignment.

2. **Pleadings A a—**

   The complaint must state in a plain and concise manner all facts necessary to enable plaintiff to recover. C. S., 506, 535.

3. **Pleadings D e—**

   A demurrer admits facts properly pleaded, but not inferences or conclusions of law.

**4. Pleadings E d—**

Where it is determined on appeal that defendants' demurrers should have been sustained, plaintiff may ask to be allowed to amend its complaint. C. S., 515.

APPEAL by defendants, other than Grady Gahagan, from *McElroy, J.,* at March Term, 1936, of MADISON.

Civil action to recover $1,210, balance alleged to be due on promissory note, executed by defendant Grady Gahagan to plaintiff, and secured by assignment of maker's interest, as heir or legatee, in his father's estate.

The complaint declares upon the note and assignment. Grady Gahagan filed answer, and the cause is now pending between him and the plaintiff.

In respect to the other defendants, it is alleged that the said "defendants, executors of the last will and testament of Wade Gahagan, are now due and owing to the defendant, Grady Gahagan, and unpaid to this plaintiff, the sum of $1,697.33."

Motion lodged by Bonnie Gahagan to dismiss action as to her, or to strike out her name as defendant, because she had never qualified as executrix. Overruled; exception.

Demurrers interposed by the defendants, individually and as executors, on ground that complaint does not state facts sufficient to constitute cause of action as to them, either in their official capacity or as individuals. Overruled; exception.

Defendants appeal, assigning errors.

*Don C. Young, John H. McElroy, and J. Coleman Ramsey for plaintiff, appellee.*
*Calvin R. Edney and James E. Rector for defendants, appellants.*

STACY, C. J. The motion of Bonnie Gahagan that she be eliminated as a defendant seems well founded and should have been allowed. *Winders v. Southerland,* 174 N. C., 235, 93 S. E., 726; *Worth v. Trust Co.,* 152 N. C., 242, 67 S. E., 590. Indeed, it is not alleged in the complaint, other than inferentially perhaps, that any of the defendants ever qualified as executors under the will of Wade Gahagan, deceased.

The complaint alleges no cause of action against the defendants, individually. Hence, the demurrer thus interposed should have been sustained.

Nor is it thought that sufficient facts are stated to constitute a cause of action against the executors. The allegation of the amount "now due and owing the defendant Grady Gahagan" seems only a conclusion of the pleader. The facts upon which this conclusion rests are not stated.

It is not alleged how the indebtedness arose or that it is covered by plaintiff's assignment.

While "unnecessary repetition" is condemned by the statute, C. S., 506, and allegations of pleadings are to be construed liberally "with a view to substantial justice between the parties," C. S., 535, still it is a necessary requirement that the complaint shall contain "a plain and concise statement of the facts constituting a cause of action," C. S., 506, which means that it shall contain a plain and concise statement of all the facts necessary to enable the plaintiff to recover. *Comrs. v. McPherson,* 79 N. C., 524; *Ins. Co. v. Dey,* 206 N. C., 368, 174 S. E., 89.

A demurrer admits facts properly pleaded, but not inferences or conclusions of law. *Distributing Corp. v. Maxwell,* 209 N. C., 47, 182 S. E., 724; *Phillips v. Slaughter,* 209 N. C., 543, 183 S. E., 897; *Hussey v. Kidd,* 209 N. C., 232, 183 S. E., 355; *Phifer v. Berry,* 202 N. C., 388, 163 S. E., 119. The present complaint would seem to be bad as against the demurrers.

It is still open to the plaintiff, however, to ask to be allowed to amend its complaint, if so advised. C. S., 515; *Oliver v. Hood, Comr.,* 209 N. C., 291, 183 S. E., 657.

It should be observed that this is not an administration suit. *Rigsbee v. Brogden,* 209 N. C., 510, 184 S. E., 24.

Reversed.