J. L. RICHARDSON v. THOMAS PEARL RICHARDSON.

(Filed 31 October, 1934.)

1. **Deeds and Conveyances C f—Plaintiff held not a party to contract in deed for support of grantor and could not maintain action against grantee.**

   A husband and wife divided their lands between their two sons by separate deeds, each providing that the grantee therein should pay one-half the costs of maintenance of the grantors for life and one-half the costs of their funeral expenses. After the death of the grantors one of the grantees brought action against the other, alleging that defendant had failed to pay one-half the costs of maintenance and care of the grantors, and had failed to pay one-half their funeral expenses, and that plaintiff had paid more than one-half the costs thereof, and sought to recover the amount by which plaintiff had contributed beyond his share: *Held*, plaintiff could not maintain the action, and defendant's demurrer was properly sustained.

2. **Pleadings D e—**

   A demurrer admits the truth of facts properly alleged in the complaint, but not inferences or conclusions of law therein.

APPEAL by plaintiff from *Warlick, J.*, at May Term, 1934, of DAVIE. Affirmed.

This is a civil action, instituted by the plaintiff against the defendant for the recovery of $651.00 alleged to be due by the defendant to the plaintiff for defendant's part of maintenance, care, support, and upkeep of his father, on the ground of an implied contract by reason of the acceptance of a deed by the defendant from his mother in which he, the defendant, was charged jointly with the plaintiff for the support of his aged father.

Mary Richardson had a husband, J. W. Richardson, and two sons, the plaintiff and the defendant in this action. She also had about one

hundred and fifty acres of land in Davie County, North Carolina. On
3 April, 1926, Mary Richardson and her husband, J. W. Richardson,
joining in the deeds, divided the land between their two sons, the plain-
tiff and defendant in this action, and conveyed to them by separate deeds
the land in fee simple. The deeds were duly recorded. (1) Fifty acres
was conveyed to J. L. Richardson, the plaintiff, with this provision:
"*Provided,* that J. L. Richardson is to pay one-half of expenses of sup-
port and funeral expenses of J. W. Richardson and wife, Mary Richard-
son." (2) One hundred acres was conveyed to Thomas Pearl Richard-
son, the defendant, with this provision: "*Provided,* that Thomas Pearl
Richardson is to pay one-half of expenses of support and funeral ex-
penses of J. W. Richardson and wife, Mary Richardson." Mary Rich-
ardson died on 6 May, 1928, and J. W. Richardson on 17 June, 1933.

The complaint alleges, in part: "That after the death of Mary Rich-
ardson, the plaintiff and the defendant, in compliance with the provi-
sion made in said deeds of conveyance, began the joint support and
maintenance of their father, J. W. Richardson, then in his 80th year,
and feeble in mind and body. That the joint support of their father
continued for approximately two years, until the defendant Thomas
Pearl Richardson became intoxicated and ran his father away from
home and refused to further contribute to his support, care, and mainte-
nance, and for a period of two and one-half years immediately preced-
ing the death of J. W. Richardson the plaintiff J. L. Richardson had
the sole support, maintenance, and care of his father for the said two-
and-one-half-year period until his death on 17 June, 1933, at the age
of eighty-four years; and for the past two and one-half years prior to
the death of J. W. Richardson the defendant Thomas Pearl Richardson
has failed, neglected, and refused to contribute anything for the main-
tenance, care, upkeep, and support of his father. That during the last
two and one-half years the said J. W. Richardson was very feeble,
requiring constant care and attention, and that on 30 May, 1933, he fell
and broke his pelvis bone, and from then until his death on 17 June,
1933, was totally helpless and unable to care for himself at all. . . .
That plaintiff's services for the maintenance, care, upkeep, and attention
to J. W. Richardson during the last two and one-half years of his illness
was reasonably worth the sum of twelve hundred dollars ($1,200),
and that plaintiff is entitled to recover one-half of the sum of $1,200.00,
to wit, six hundred dollars ($600.00) from the defendant for the main-
tenance, care, upkeep, support, and attention for the said J. W. Rich-
ardson, and that the funeral expenses amounted to the sum of $90.00,
and the doctor's bill amounted to the sum of $12.00, making a total of
$102.00, which the plaintiff has paid, and of which sum the plaintiff is
entitled to recover of the defendant the sum of $51.00.

"That the defendant is justly due the plaintiff for his part of the maintenance, care, support, and upkeep of his father, together with the funeral expenses, in the sum of six hundred and fifty-one dollars ($651.00), and that demand has been made ˙upon the defendant for the payment of said sum, and that defendant has refused to pay the same.

"Wherefore, plaintiff demands judgment that he recover of the defendant the sum of six hundred and fifty-one dollars ($651.00) and the costs of this action, and for such other and further relief as plaintiff is entitled to receive."

The defendant demurred to the complaint, as follows: "First. For that as appears from the complaint and the proviso or condition of the deed referred to therein, paragraph 5, wherein it is alleged that this defendant was to 'provide or pay one-half of the expense of support and funeral expenses of the said J. W. Richardson and wife, Mary Richardson,' the same being sued for by the plaintiff herein, is and was an obligation due the said J. W. Richardson and wife, Mary Richardson, or their personal representative, and as this defendant is advised, informed, and believes, the plaintiff has no right to maintain this action for the recovery of any sum alleged to be due thereon, or any part of the same.

"Second. For that as appears from said complaint, the said J. W. Richardson and wife, Mary Richardson, are both dead, and that no administration upon the estate of either of them has been granted, and as defendant is advised and believes, and he so alleges, the plaintiff has no right, in his individual capacity, to maintain this action or sue this defendant upon an alleged claim, which, if due at all, would be due J. W. Richardson and Mary Richardson, or their personal representatives.

"Third. For that, as will appear from said complaint, the same does not state a cause of action against this defendant. Wherefore, defendant prays that this action be dismissed, and for such other relief to which defendant may be entitled."

The judgment of the court below is as follows: "This cause coming on to be heard before his Honor, Wilson Warlick, judge presiding, upon demurrer filed by the defendant, and being heard:

"It is adjudged by the court that the demurrer be and the same is hereby sustained upon the ground that the complaint does not state a cause of action against the defendant, and that the plaintiff has no legal capacity to sue in this action."

The plaintiff excepted and assigned error to the judgment as signed, and appealed to the Supreme Court.

*Hayden Clement for plaintiff.*
*A. T. Grant for defendant.*

---

MORGAN v. CLOTH MILLS.

---

PER CURIAM. A demurrer admits for the purpose thereof the truth of facts set out in the complaint, and reasonable inferences to be drawn therefrom, but not inferences or conclusions of law therein. The judge of the court below sustained the demurrer on the ground "that the complaint does not state a cause of action against the defendant, and that the plaintiff has no legal capacity to sue in this action." The remedy of plaintiff cannot be granted in the present action.

The judgment of the court below is

Affirmed.