This is a civil action, instituted by the plaintiff against the defendant for the recovery of $651.00 alleged to be due by the defendant to the plaintiff for defendant's part of maintenance, care, support, and upkeep of his father, on the ground of an implied contract by reason of the acceptance of a deed by the defendant from his mother in which he, the defendant, was charged jointly with the plaintiff for the support of his aged father.
Mary Richardson had a husband, J. W. Richardson, and two sons, the plaintiff and the defendant in this action. She also had about one *Page 315 
hundred and fifty acres of land in Davie County, North Carolina. On 3 April, 1926, Mary Richardson and her husband, J. W. Richardson, joining in the deeds, divided the land between their two sons, the plaintiff and defendant in this action, and conveyed to them by separate deeds the land in fee simple. The deeds were duly recorded. (1) Fifty acres was conveyed to J.L. Richardson, the plaintiff, with this provision: "Provided, that J.L. Richardson is to pay one-half of expenses of support and funeral expenses of J. W. Richardson and wife, Mary Richardson." (2) One hundred acres was conveyed to Thomas Pearl Richardson, the defendant, with this provision: "Provided, that Thomas Pearl Richardson is to pay one-half of expenses of support and funeral expenses of J. W. Richardson and wife, Mary Richardson." Mary Richardson died on 6 May, 1928, and J. W. Richardson on 17 June, 1933.
The complaint alleges, in part: "That after the death of Mary Richardson, the plaintiff and the defendant, in compliance with the provision made in said deeds of conveyance, began the joint support and maintenance of their father, J. W. Richardson, then in his 80th year, and feeble in mind and body. That the joint support of their father continued for approximately two years, until the defendant Thomas Pearl Richardson became intoxicated and ran his father away from home and refused to further contribute to his support, care, and maintenance, and for a period of two and one-half years immediately preceding the death of J. W. Richardson the plaintiff J.L. Richardson had the sole support, maintenance, and care of his father for the said two-and-one-half-year period until his death on 17 June, 1933, at the age of eighty-four years; and for the past two and one-half years prior to the death of J. W. Richardson the defendant Thomas Pearl Richardson has failed, neglected, and refused to contribute anything for the maintenance, care, upkeep, and support of his father. That during the last two and one-half years the said J. W. Richardson was very feeble, requiring constant care and attention, and that on 30 May, 1933, he fell and broke his pelvis bone, and from then until his death on 17 June, 1933, was totally helpless and unable to care for himself at all. That plaintiff's services for the maintenance, care, upkeep, and attention to J. W. Richardson during the last two and one-half years of his illness was reasonably worth the sum of twelve hundred dollars ($1,200), and that plaintiff is entitled to recover one-half of the sum of $1,200.00, to wit, six hundred dollars ($600.00) from the defendant for the maintenance, care, upkeep, support, and attention for the said J. W. Richardson, and that the funeral expenses amounted to the sum of $90.00, and the doctor's bill amounted to the sum of $12.00, making a total of $102.00, which the plaintiff has paid, and of which sum the plaintiff is entitled to recover of the defendant the sum of $51.00. *Page 316 
"That the defendant is justly due the plaintiff for his part of the maintenance, care, support, and upkeep of his father, together with the funeral expenses, in the sum of six hundred and fifty-one dollars ($651.00), and that demand has been made upon the defendant for the payment of said sum, and that defendant has refused to pay the same.
"Wherefore, plaintiff demands judgment that he recover of the defendant the sum of six hundred and fifty-one dollars ($651.00) and the costs of this action, and for such other and further relief as plaintiff is entitled to receive."
The defendant demurred to the complaint, as follows: "First. For that as appears from the complaint and the proviso or condition of the deed referred to therein, paragraph 5, wherein it is alleged that this defendant was to `provide or pay one-half of the expense of support and funeral expenses of the said J. W. Richardson and wife, Mary Richardson', the same being sued for by the plaintiff herein, is and was an obligation due the said J. W. Richardson and wife, Mary Richardson, or their personal representative, and as this defendant is advised, informed, and believes, the plaintiff has no right to maintain this action for the recovery of any sum alleged to be due thereon, or any part of the same.
"Second. For that as appears from said complaint, the said J. W. Richardson and wife, Mary Richardson, are both dead, and that no administration upon the estate of either of them has been granted, and as defendant is advised and believes, and he so alleges, the plaintiff has no right, in his individual capacity, to maintain this action or sue this defendant upon an alleged claim, which, if due at all, would be due J. W. Richardson and Mary Richardson, or their personal representatives.
"Third. For that, as will appear from said complaint, the same does not state a cause of action against this defendant. Wherefore, defendant prays that this action be dismissed, and for such other relief to which defendant may be entitled."
The judgment of the court below is as follows: "This cause coming on to be heard before his Honor, Wilson Warlick, judge presiding, upon demurrer filed by the defendant, and being heard:
"It is adjudged by the court that the demurrer be and the same is hereby sustained upon the ground that the complaint does not state a cause of action against the defendant, and that the plaintiff has no legal capacity to sue in this action."
The plaintiff excepted and assigned error to the judgment as signed, and appealed to the Supreme Court.
A demurrer admits for the purpose thereof the truth of facts set out in the complaint, and reasonable inferences to be drawn therefrom, but not inferences or conclusions of law therein. The judge of the court below sustained the demurrer on the ground "that the complaint does not state a cause of action against the defendant, and that the plaintiff has no legal capacity to sue in this action." The remedy of plaintiff cannot be granted in the present action.
The judgment of the court below is
Affirmed.