GEORGE C. GREEN FOR HIMSELF AND ALL OTHER TAXPAYERS OF THE TOWN OF WELDON, NORTH CAROLINA, v. P. R. KITCHIN AND J. T. MADDREY, MAYOR, AND WALKER CAMPBELL, W. A. PIERCE, C. R. TURNER, AND PIERCE JOHNSON, COMPRISING THE BOARD OF COMMISSIONERS OF THE TOWN OF WELDON, NORTH CAROLINA.

(Filed 24 November, 1948.)

**1. Municipal Corporations § 5—**

A municipal corporation has the powers prescribed by statute and those necessarily implied by law, and no other. G.S. 160-1.

**2. Same—**

The implied powers of a municipality are those which are necessarily or fairly implied in or incident to the powers expressly granted, or essential to the accomplishment of the purposes of the corporation.

**3. Municipal Corporations § 7—**

The town of Weldon is given explicit authority both by its charter and by the general law to appoint and employ police to maintain law and order within its borders. G.S. 160-9, 160-20, 160-21.

**4. Municipal Corporations § 11½ b: Evidence § 5—**

It is a matter of common knowledge, of which the Supreme Court will take judicial notice, that a competent policeman must have special knowledge as to his duties and how they may be performed, which must be acquired either through experience or special training, and that the proficiency of even an experienced officer can be enhanced by proper instruction.

**5. Municipal Corporations §§ 7, 41—**

The explicit power of a municipality to appoint and employ police contemplates that the persons so engaged be qualified and competent. and therefore a municipality has implied authority, exercisable within the discretion of its governing body, to send its policemen to a police training school and to make proper expenditures for this purpose.

**6. Municipal Corporations § 41—**

The power of a municipality to appropriate money is governed by the same criterions as its taxing power, among which is that an expenditure must be for a public purpose.

**7. Same: Taxation § 5—**

A tax or an appropriation is for a public purpose if it is for the support of the government, or for any of the recognized objects of the government. N. C. Constitution, Art. V, sec. 3.

**8. Same—**

An expenditure by a municipality for special training of a police officer has for its object the maintenance of law and order. and therefore is for a public purpose.

**9. Same—**

The fact that moneys are paid to an individual does not affect the character of the expenditure, since the object of the expenditure and not to whom paid determines whether it is for a public purpose.

**10. Same: Constitutional Law § 17—**

The fact that a policeman may not remain in the employ of the municipality after receiving special training relates to the advisability of the municipality's expending funds for this purpose and does not affect the fact that the expenditure is for the public purpose of maintenance of law and order, and such expenditure does not grant an exclusive emolument or privilege to the policeman contrary to Art. I, sec. 7, of the N. C. Constitution.

**11. Municipal Corporations § 5—**

A municipality has governmental powers as an agency of the State and private or proprietary powers as a municipal corporation.

**12. Municipal Corporations §§ 7, 41: Taxation § 4—**

A municipal corporation has the governmental function of maintaining law and order within its boundaries as a governmental agency of the State, and in the performance of such function exercises a portion of the State's delegated sovereignty, and therefore an expense for this purpose is a necessary expense and may be incurred without a vote of the people. Art. VII. sec. 7, N. C. Constitution.

**13. Pleadings § 15—**

A demurrer admits allegations of fact but not conclusions of law drawn therefrom by the pleader.

**14. Taxation § 4—**

What are necessary expenses of a municipality is a question of law for the determination of the courts, and whether a given project is necessary or needed in a designated municipality is for the determination of the governing authorities of the municipality in the exercise of their discretion.

**15. Municipal Corporations § 10—**

The action of the governing body of a municipality in authorizing an expenditure of funds for a necessary municipal expense sanctioned by statute will be deemed tantamount to a determination and declaration that the expense is necessary in that particular municipality, and its action will not be held illegal on the ground that the resolution authorizing the expense failed to declare that the proposed expenditure is necessary in the particular locality or made such declaration in a defective manner.

**16. Same: Pleadings § 15: Taxation § 4—**

This suit was instituted to recover on behalf of a municipality money expended by it for special training of a policeman. The complaint alleged that the expenditure was not for a necessary expense of the municipality. Defendants demurred. *Held:* Whether the expense can be classified as a necessary municipal expense is a question of law not admitted by the demurrer, and the fact that the governing authorities authorized the expenditure is tantamount to a declaration by the municipality that such expense was a necessary expense of the town, with which discretionary determination the courts will not interfere, and therefore the action of the trial court in sustaining the demurrer is affirmed upon the determination of the questions of law involved in favor of defendants.

**17. Municipal Corporations § 5—**

The courts will not interfere with the exercise of discretionary powers conferred on municipal corporations for the public welfare unless their action is so clearly unreasonable as to amount to an oppressive and manifest abuse of discretion.

STACY, C. J., dissenting.

WINBORNE and DENNY, JJ., concurring in dissent.

APPEAL by plaintiff from *Williams, J.,* at June Term, 1948, of HALIFAX.

The action was begun on 17 January, 1948. The facts stated in the complaint may be summarized as follows: The plaintiff, George C. Green, is a citizen and taxpayer of the Town of Weldon, a municipal corporation of Halifax County, North Carolina, and prosecutes the action in behalf of himself and all other taxpayers of the municipality. The governing body of the Town of Weldon consists of its mayor, J. T. Maddrey, and its commissioners, Walker Campbell, W. A. Pierce, C. R. Turner, and Pierce Johnson, who are parties defendant. The defendant, P. R. Kitchin, is a policeman of the Town of Weldon, and served in such capacity at a salary of $225.00 per month during the several years preced-

ing the action.  In conformity to a resolution adopted by the governing body of the Town of Weldon, the defendant, P. R. Kitchin, took a course in police training at the National Police Academy of the Federal Bureau of Investigation in Washington, D. C., during a ninety day period beginning on or about 1 April, 1946, and received from the Town of Weldon sums totaling $1,100.00 to cover his expenses and salary while attending the National Police Academy for such purpose.  The payment of these sums was made out of tax moneys collected by the Town of Weldon from the plaintiff and its other taxpayers, and was not authorized by the vote of the citizens of the municipality.  On 27 August, 1947, the plaintiff made demand upon the governing body of the Town of Weldon that it take proper steps to recover the $1,100.00 of P. R. Kitchin as an illegal disbursement of municipal funds.  The governing body refused to do so, and plaintiff thereafter instituted this suit to recover the expenditure from P. R. Kitchin for the benefit of the Town of Weldon.

The defendants filed an answer in which they admitted the averments of fact contained in the complaint.

On the hearing, the plaintiff moved for judgment on the pleadings, and the defendants demurred *ore tenus* to the complaint on the ground that it did not state a cause of action.  The trial court denied the motion of the plaintiff, sustained the oral demurrer interposed by defendants, and entered judgment dismissing the action.  The plaintiff appealed, assigning these rulings as error.

*Stuart Smith and George C. Green for plaintiff, appellant.*

*Albert Coats and Allsbrook & Benton for defendants, appellees.*

Ervin, J.  Stated in its broadest terms, this case presents this problem: Does a city or town possess authority in law to expend moneys raised by taxation in specially training its police officers for the performance of their duties, when the expenditure has not been expressly sanctioned by legislative act or approved by a vote of the majority of the qualified voters of the city or town?

The plaintiff asserts initially that this question must be answered in the negative because the Town of Weldon lacks statutory power to use public funds to train its police.

A city or town has "the powers prescribed by statute, and those necessarily implied by law, and no other."  G.S. 160-1.  Neither its charter nor the general law confers upon the Town of Weldon in express words any authority to employ any of its resources in providing instruction for its police.  Thus, the question arises at the threshold of the case as to whether such a power is necessarily implied by law.  It is an established rule that a municipal corporation is authorized by implication to do an

act if the doing of such act is necessarily or fairly implied in or incident to the powers expressly granted, or is essential to the accomplishment of the declared objects and purposes of the corporation. *Brumley v. Baxter,* 225 N. C. 691, 36 S. E. (2) 281, 162 A. L. R. 930; *Mortgage Co. v. Winston-Salem,* 216 N. C. 726, 6 S. E. (2) 501; *Riddle v. Ledbetter,* 216 N. C. 491, 5 S. E. (2) 542; *Kennerly v. Dallas,* 215 N. C. 532, 2 S. E. (2) 538; *S. v. Gulledge,* 208 N. C. 204, 179 S. E. 883.

In Blackstonian phrase, North Carolina has delegated to municipalities power to maintain law and order within their respective borders since "the time whereof the memory of mankind runneth not to the contrary." Both its charter and the general law expressly empower the Town of Weldon to appoint and employ police for performing this function within its limits. Private Laws of 1891, Ch. 83, secs. 18, 23; G.S. 160-9, 160-20, 160-21.

The Legislature contemplated that persons engaged as police officers under this explicit grant of authority should be qualified to do the task specified above. Poets may be born, but policemen must be made. Some of the statutes relating to the duties and powers of the police appear in article 6 of chapter 15 and article 2 of chapter 160 of the General Statutes. Both the letter and the spirit of these laws reveal that a city or town cannot convert a neophyte into a policeman in the true sense of the word by the simple expedient of investing him with a badge, a billy, a firearm, and a uniform.

Before one is fitted to discharge the duties of a police officer, he must know what those duties are and how they can be performed. The requisite preparedness necessitates the possession of a special knowledge, which must be acquired either by traveling the hard road of experience or by sitting at the feet of teachers qualified to give proper instruction.

Since the fact is a matter of common and general knowledge in this jurisdiction, this Court judicially knows that persons employed to serve as police in the municipalities of this State seldom possses familiarity with their duties or skill in performing them when they enter such service. Although one may be experienced in law enforcement, his proficiency as an officer can undoubtedly be enhanced by proper instruction in modern methods of crime prevention and detection. Certainly a city or town must have competent policemen if it is to protect persons and property within its boundaries against the lawless. Whether a municipal corporation should rely upon experience, or training, or both for securing competency in its police ought to be left to the discretion of its governing body. Likewise, whether or not necessity compels or prudence justifies a specific outlay of municipal funds to provide special training for a particular officer seems to be a problem which of right lies within the domain of the municipality involved.

For these reasons, we conclude that the power of a city or town to spend tax money for instruction of its police in the performance of their duties is fairly implied in and incident to a power expressly conferred upon the city or town to appoint and employ police for preserving law and order within its limits. It follows that the Town of Weldon had implicit legislative authority to make the expenditure set out in the complaint.

The case at bar is readily distinguishable from *Madry v. Scotland Neck,* 214 N. C. 461, 199 S. E. 618, holding that cities and towns do not possess implied power to offer rewards for the apprehension or conviction of felons. While the Legislature has authorized municipalities to maintain law and order within their respective limits, it has not empowered them to engage in the apprehension of law breakers elsewhere or to undertake to prosecute criminal cases in the courts.

The plaintiff further asserts that the expenditure named in his complaint must be adjudged illegal as violative of the Constitution of North Carolina even if it was sanctioned by legislative fiat.

In this connection, the plaintiff maintains that when special training is given a police officer, the resultant increase of proficiency is a personal attribute of the officer; that the city or town cannot compel the officer to continue in its service after obtaining the training until it has received recompense for its outlay of public funds; and, that, therefore, the disbursement of public moneys for such purpose inures to the private advantage of the officer rather than to the collective benefit of the inhabitants of the city or town. Upon this premise, the plaintiff asserts that the expending of municipal tax money to train a policeman diverts public funds to the private use of the policeman contrary to Article V, section 3, of the Constitution, expressly limiting the levy of taxes to public purposes, and grants an exclusive emolument or privilege to the policeman contrary to Article I, section 7, of the Constitution, prescribing that "no man or set of men are entitled to exclusive emoluments or privileges from the community but in consideration of public services."

It is unquestionably a sound and salutary rule that the power to make appropriations of money out of the treasury of a city or town must be measured by the same criterions as those by which it is raised by taxation and put into such treasury. 51 Am. Jur., Taxation, section 323. Thus, we are presently confronted by the question of whether the expenditure here assailed was for a public purpose. *Nash v. Tarboro,* 227 N. C. 283, 42 S. E. (2) 209.

A tax or an appropriation is certainly for a public purpose if it is for the support of government, or for any of the recognized objects of government. *Ketchie v. Hedrick,* 186 N. C. 392, 119 S. E. 767; 51 Am. Jur., Taxation, section 326; 61 C. J., Taxation, section 20. Hence, the ex-

penditure challenged by the plaintiff was for a public purpose because its object was the maintenance of law and order, which is an essential function of government. 16 C. J. S., Constitutional Law, section 167.

The fact that the execution of the purpose required payment of the money involved to the defendant, P. R. Kitchin, did not affect its public character. This is true because "the test is not as to who receives the money, but the character of the purpose for which it is to be expended." 51 Am. Jur., Taxation, section 330; *Stanley v. Jeffries,* 86 Mont. 114, 284 P. 134, 70 A. L. R. 166. See, also, *Briggs v. Raleigh,* 195 N. C. 223, 141 S. E. 597.

The complaint reveals that the defendant, P. R. Kitchin, has been serving the Town of Weldon in the capacity of a police officer ever since he completed the course at the National Police Academy. For this reason, it seems somewhat inappropriate to argue here that the spending of municipal funds to train a policeman for the more efficient performance of his duties must be deemed to serve merely a private purpose because the municipality cannot compel him to remain in its service after obtaining the training until it has received recompense for its outlay of public moneys. But, in any event, this objection seems relevant to the question of the advisability of making the expenditure rather than to the existence of the power to make it. If the city or town does not choose to rely upon the mutual confidence and satisfaction existing between it and the police officer to induce the officer to stay in its employment for the desired period, it has the option of exacting an agreement from the officer with respect to this matter before making any outlay of public moneys.

The expenditure of tax moneys by a city or town to further the training of its policeman does not grant an exclusive emolument or privilege to the policeman contrary to Article I, section 7, of the Constitution because it is for a public purpose and "in consideration of public services." *Brumley v. Baxter, supra; Hinton v. Lacy,* 193 N. C. 496, 137 S. E. 669.

Finally, the plaintiff maintains that the expenditure in controversy was illegal under Article VII, section 7, of the Constitution even if it had legislative approval and was for a public purpose. The plaintiff asserts here that the prevention, detection, and prosecution of crime is a function of the State and not of the municipality; that the police of a city or town act for the State and not for the municipality when they undertake to enforce the law; and that in consequence the cost of training police officers of a city or town cannot be deemed a necessary expense of the city or town under Article VII, section 7, precluding a municipal corporation from levying or collecting taxes "except for the necessary expenses

thereof" without first being authorized so to do by a vote of the majority of its qualified voters.

The unsoundness of this contention is revealed by a consideration of the legal characteristics of cities and towns. "A municipal corporation is dual in character and exercises two classes of powers—governmental and proprietary. It has a twofold existence—one as a governmental agency, the other as a private corporation. Any activity of the municipality which is discretionary, political, legislative or public in nature and performed for the public good in behalf of the State, rather than for itself, comes within the class of governmental functions. When, however, the activity is commercial or chiefly for the private advantage of the compact community, it is private or proprietary. When injury or damage results from the negligent discharge of a ministerial or proprietary function it is subject to suit in tort as a private corporation. While acting in behalf of the State in promoting or protecting the health, safety, security, or general welfare of its citizens, it is an agency of the sovereign. No action in tort may be maintained for resulting injury to person or property." *Millar v. Wilson,* 222 N. C. 340, 23 S. E. (2) 42.

This Court has uniformly held that where the purpose for which a proposed expense is to be incurred by a municipality is the maintenance of public peace or administration of justice, or partakes of a governmental nature, or purports to be an exercise by the municipality of a portion of the State's delegated sovereignty, the expense is a necessary expense within the Constitution, and may be incurred without a vote of the people. *Sing v. Charlotte,* 213 N. C. 60, 195 S. E. 271; *Palmer v. Haywood County,* 212 N. C. 284, 193 S. E. 668; 113 A. L. R. 1195; *Martin v. Raleigh,* 208 N. C. 369, 180 S. E. 786.

It necessarily follows that the expenditure in controversy constituted a necessary expense within the meaning of Article VII, section 7, of the Constitution because the purpose of the expenditure was to enable the Town of Weldon to exercise that portion of the sovereignty of the State which had been delegated to it by the State for the maintenance of law and order within its borders. This holding harmonizes with *Tucker v. Raleigh,* 75 N. C. 267, where it is said that a debt contracted to obtain money to pay the compensation of the police is a necessary expense within the purview of the constitutional provision here considered.

In reaching this decision, we have not overlooked the allegations of the complaint that the expenditures involved "were not necessary expenses of said town, were unlawfully and wrongfully made from the revenues thereof, and constituted an unlawful appropriation of said funds for which said P. R. Kitchin is liable." These allegations are not averments of fact. They are mere conclusions of law asserted by the pleader. Consequently, they are not admitted by the demurrer. *Cathey v. Construc-*

*tion Co.,* 218 N. C. 525, 11 S. E. (2) 571; *Richardson v. Richardson,* 207 N. C. 314, 176 S. E. 744; *Hussey v. Kidd,* 209 N. C. 232, 183 S. E. 255.

It follows that the averments of specific facts admitted by the demurrer are not affected by the general conclusions of law drawn therefrom by the pleader, and that the question of whether the expenditure named in the complaint was for a necessary expense within the meaning of Article VII, section 7, of the Constitution has not been converted into an issue of fact for determination by the jury.

Our conclusions may be simply stated in summary as follows:

Whether the expenditure in question was for a public purpose under Article V, section 3, of the Constitution, or was a necessary expense under Article VII, section 7, of the Constitution involved questions of constitutional law, which we have answered in the affirmative. Whether the expenditure had been authorized by the Legislature presented a question of statutory construction, which we have likewise answered in the affirmative. Whether the expenditure was necessary or needed in the particular instance specified in the complaint was a matter committed by law to the discretion of the governing body of the Town of Weldon.

These conclusions are in complete harmony with well considered decisions of this Court holding that "the courts determine whether a given project is a necessary expense of a municipality, but the governing authorities of the municipality determine in their discretion whether such given project is necessary or needed in the designated locality." *Starmount Co. v. Hamilton Lakes,* 205 N. C. 514, 171 S. E. 909. See, also, in this connection: *Fawcett v. Mt. Airy,* 134 N. C. 125, 45 S. E. 1029.

The town made this expenditure to maintain law and order within its borders. In so doing, it was performing an inherent function of sovereignty delegated to it by the State under statutes enacted by the Legislature in conformity to the Constitution. Since the Town of Weldon could not confer upon itself the constitutional and statutory authority to make an expenditure for this purpose by any action of its governing authorities, we are unwilling to adjudge that it acted illegally in this particular case in exercising a discretionary power conferred upon it by the Constitution and legislative fiat merely because of some supposed insufficiency in the phrasing of the resolution of its governing body directing the making of the expenditure. But even if it be assumed that the Town of Weldon could not exercise a discretionary power conferred upon it by the Constitution and the Legislature in the absence of some linguistic proclamation by its governing body that the expenditure in question was necessary or needed in the locality embraced by its limits, it seems to us that the action of the town council in expressly authorizing and directing the expenditure to be made ought to be deemed tantamount

GREEN *v.* KITCHIN.

to a determination and declaration on its part that it was necessary or needed for the proper enforcement of law and order within the municipality.

Our conclusions do not open a Pandora's box and render all authorized proceedings of the governing authorities of municipal corporations subject to judicial control. The converse is true for the reason that courts will not interfere with the exercise of discretionary powers conferred on municipal corporations for the public welfare, unless their action is so clearly unreasonable as to amount to an oppressive and manifest abuse of discretion. *Cox v. Kinston,* 217 N. C. 391, 8 S. E. (2) 252; *Riddle v. Ledbetter,* 216 N. C. 491, 5 S. E. (2) 542; *S. v. Weddington,* 188 N. C. 643, 125 S. E. 257, 37 A. L. R. 573; *Hudson v. Greensboro,* 185 N. C. 502, 117 S. E. 629; *Brown v. Hillsboro,* 185 N. C. 368, 117 S. E. 41; *S. v. Rice,* 158 N. C. 635, 74 S. E. 582, 39 L. R. A. (N.S.) 266; *S v. Staples,* 157 N. C. 637, 73 S. E. 112, 37 L. R. A. (N.S.) 696.

For the reasons set out above, the judgment of the court below must be
Affirmed.

STACY, C. J., dissenting: The question for decision is whether the complaint states facts sufficient to constitute a cause of action.

It is alleged that the plaintiff is a citizen and taxpayer of the Town of Weldon; that the defendant, P. R. Kitchin, is and was at the times mentioned, a policeman of said town, with several years experience; that on 1 April, 1946, the Mayor and Board of Commissioners of Weldon adopted the following resolution:

"Motion by Mr. Johnson, seconded by Mr. Pierce and carried that the Clerk issue check to P. R. Kitchin for $425.00 to take care of estimated expenses to Police Academy. Mr. Kitchin was granted ninety days leave of absence with pay in order that he may attend the Police Academy in Washington, D. C. (The last sentence is presumably a part of the resolution, although somewhat uncertain as the record fails to show any closing quotation marks.)

It is accordingly alleged that pursuant to the above resolution, the defendant, P. R. Kitchin, received from the Town of Weldon the sum of $425 to cover his expenses at the Police Academy in Washington, and an additional sum of $675 as salary while on leave of absence attending said Academy, and that these payments were made from taxes levied on property of the plaintiff and other taxpayers of the Town of Weldon.

It is further alleged that the payments were made without special legislative sanction except as contained in the general law, and without a favorable vote of the qualified voters of the Town, and that said payments "were not necessary expenses of said Town."

The plaintiff made demand on the Mayor and Board of Commissioners that they take steps to recover these sums for the Town, which they have refused to do. *Hill v. Stansbury,* 223 N. C. 193, 25 S. E. (2) 604.

It thus appears that the complaint states a cause of action with accuracy and precision under Art. VII, sec. 7, of the Constitution: "No county, city, town, etc., shall contract any debt, etc., nor shall any tax be levied or collected by any officer of the same except for the necessary expenses thereof, unless by a vote of the majority of the qualified voters therein."

The office of a demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of factual averments well stated and such relevant inferences of fact as may be deduced therefrom. *Leonard v. Maxwell, Comr.,* 216 N. C. 89, 3 S. E. (2) 316; *Ins. Co. v. Stadiem,* 223 N. C. 49, 25 S. E. (2) 202; *Ballinger v. Thomas,* 195 N. C. 517, 142 S. E. 761.

In the face of the admission on demurrer that the payments here in question "were not necessary expenses" of the Town of Weldon, we do not reach the question discussed in the majority opinion. Nowhere on the record now before us (complaint and demurrer) does it appear that the Commissioners of Weldon have declared or determined that the instant expenditures are necessary for the governance of the municipality. On the other hand, they have come into court and conceded on demurrer that the expenditures are "not necessary expenses of said Town." Where the body first charged with responsibility in the matter says the expenditures are not necessary, how can we say otherwise without usurping the powers of the local authorities? It is only when the question is presented as one of law, stripped of any question of fact, that the courts are authorized to act in the premises. When a case is presented on demurrer, we are required to construe the pleading liberally "with a view to substantial justice between the parties." G. S. 1-151; *Enloe v. Ragle,* 195 N. C. 38, 141 S. E. 477. The complaint is good as against the demurrer.

The Commissioners of the Town, to whom is confided the trust of regulating the affairs of the municipality, are first to determine as a matter of fact whether a given expenditure is "for the necessary expenses thereof" before the courts can be called upon to say whether such expenditure falls within the category of necessary governmental expenses. *Brodnax v. Groom,* 64 N. C. 244; *Evans v. Comrs.,* 89 N. C. 154; *Cromartie v. Comrs.,* 87 N. C. 134; *Satterthwaite v. Comrs.,* 76 N. C. 153.

The decisions are at one in holding that while the courts decide whether a particular municipal expense falls within the category of necessary municipal expenses, the governing authorities of the municipality first determine, in their discretion, whether such a municipal expense is necessary or needed for the designated locality. *Insurance Co. v. Guilford*

*County,* 225 N. C. 293, 34 S. E. (2) 430; *Power Co. v. Clay County,* 213 N. C. 698, 197 S. E. 603; *Sing v. Charlotte,* 213 N. C. 60, 195 S. E. 271; *Palmer v. Haywood County,* 212 N. C. 284, 193 S. E. 668; *Starmount Co. v. Hamilton Lakes,* 205 N. C. 514, 171 S. E. 909; *Black v. Comrs.,* 129 N. C. 121, 39 S. E. 818; *Fawcett v. Mt. Airy,* 134 N. C. 125, 45 S. E. 1029; *Storm v. Wrightsville Beach,* 189 N. C. 681, 128 S. E. 17. There is no occasion for the courts to consider the matter unless and until the prior factual determination has been made by the local authorities.

It was said in *Henderson v. Wilmington,* 191 N. C. 269, 132 S. E. 25, that the term "necessary expenses," as here used, "includes law and fact." The courts decide the one; the local authorities the other. The same expression occurs in a number of cases. *Glenn v. Comrs. of Durham,* 201 N. C. 233, 159 S. E. 439. Thus, in *Wilson v. Charlotte,* 74 N. C. 748, it was said: "It was held in *Brodnax v. Groom,* 64 N. C. 244, that if the object for which the money was to be raised came within the class of such as might be necessary for the country, it was left to the County Commissioners to decide whether in fact it was necessary or not, and their decision could not be reviewed by the court. This was also held in *Mitchell v. Trustees,* 71 N. C. 400." So thoroughly have the decisions settled the question that this has long been considered the accepted and established meaning of the section. *Starmount Co. v. Ohio Sav. Bank & Trust Co.,* 55 F. (2) 649. "What is a necessary expense for one locality may not be a necessary expense for another." *Storm v. Wrightsville Beach, supra.*

It may be noted that the resolution authorizing the expenditures in question makes no mention of whether they are for the necessary municipal expenses of the Town of Weldon. In this respect, the resolution is similar to the one appearing in the case of *Wilson v. Charlotte,* 206 N. C. 856, 175 S. E. 306, where the expense of a proposed drill tower to train the city's firemen was under consideration. But the circumstance in the instant case which renders the demurrer bad is the allegation that the expenditures "were not necessary expenses of said Town." This allegation is taken to be true for the purposes of the demurrer. It is not an allegation of law, but one of fact. *Black v. Comrs., supra; Wilson v. Charlotte,* 74 N. C. 748. The demurrer should have been overruled, and the defendants put to answer.

### ADDENDUM.

After writing the above, the majority added a paragraph to its opinion saying that the allegation in question was not one of fact, but one of law, and hence not admitted by the demurrer.

A concurring dissent was thereupon filed pointing out that the added position of the majority was at variance with all the decided cases on the

GREEN *v.* KITCHIN.

subject, calling special attention to *Black's Case* where the identical question was in focus and pronouncement made thereon.

The majority then adds five more paragraphs to its opinion, the last four by way of "summary."

The first two paragraphs of the summary are new and appear to constitute a negation of the position last taken and to amount to a confession of error. The third immediately executes a *volte-face* on a supposed presumption which runs counter to the record and the decided cases. The entire summary is devoid of any reference to the crucial allegation and admission on demurrer that the expenses in question "were not necessary expenses of said Town." No presumption can arise, or be indulged, in the face of a contrary admission on the record. The fourth paragraph of the summary seeks to give assurance of benevolence in respect of the effect of the holding. Then why disrupt a long line of decisions and leave the law in confusion, when clarity and simplicity are so immediate and readily attainable?

If this Court is not going to follow its own established precedents, or the law as it is written, *S. v. Davis, ante,* 386, how is the practitioner to know what he can safely advise in legal matters, or the disquietude necessarily engendered thereby to be allayed? Confidence as well as logic must buttress the Court's decisions.

WINBORNE and DENNY, JJ., concurring in dissenting opinion: We fully concur in what is said in the dissenting opinion of *Stacy, C. J.,* but desire to say also, if the question were properly before us, we might not have any quarrel with the majority view that the expenses incurred in question here, might fall within that class of expenditures that come within the definition of "necessary expenses," within the meaning of Art. VII, sec. 7, of the Constitution of North Carolina. But if this Court is going to decide both questions of law and fact involved in what is "necessary expense" and when such expense is a necessary one for a particular locality, then governing authorities of municipalities may find themselves confronted with a *mandamus* to require them to send all their officers to a police school at public expense, whether they think it proper to do so or not.

None of our predecessors has said that what constitutes a necessary expense of a municipal corporation is purely a question of law. If it is purely a question of law, the governing bodies of municipal corporations are divested of any discretion or authority in the matter except to provide funds, and will on *mandamus* be liable to be required to provide for expenses which they might not in their sound discretion authorize.

We do not agree with the majority opinion that the allegation in the complaint to the effect that the expenses incurred in sending P. R.

Kitchin, a policeman of the Town of Weldon, to the National Police Academy, in Washington, D. C., were not necessary expenses of the Town of Weldon, is merely a conclusion of law and is therefore not admitted by the demurrer. Such a conclusion is not in accord with our decisions. The term "necessary expense" includes both law and fact. *Henderson v. Wilmington,* 191 N. C. 269, 132 S. E. 25. What is necessary expense is for the courts to decide, but whether or not an expenditure which the courts have declared falls within the class of "necessary expenses" is a necessary expense for a particular municipal corporation, must be determined by the governing authorities of such corporation in their sound discretion. *Insurance Co. v. Guilford County,* 225 N. C. 293, 34 S. E. (2) 430; *Power Co. v. Clay Co.,* 213 N. C. 698, 197 S. E. 603; *Sing v. Charlotte,* 213 N. C. 60, 195 S. E. 271; *Palmer v. Haywood County,* 212 N. C. 284, 193 S. E. 668; *Starmount Co. v. Hamilton Lakes,* 205 N. C. 514, 171 S. E. 909; *Henderson v. Wilmington, supra; Storm v. Wrightsville Beach,* 189 N. C. 679, 128 S. E. 17; *Fawcett v. Mt. Airy,* 134 N. C. 125, 47 S. E. 400; *Black v. Comrs.,* 129 N. C. 121, 39 S. E. 818; *Brodnax v. Groom,* 64 N. C. 244. In the last cited case, *Pearson, C. J.,* in speaking for the Court, said: "Who is to decide what are the necessary expenses of a county? The county commissioners; to whom are confided the trust of regulating all county matters. 'Repairing and building bridges' is a part of the necessary expenses of a county, as much so as keeping the roads in order, or making new roads; so the case before us is within the *power* of the county commissioners. How can this Court undertake to control its *exercise?* Can we say, such a bridge does not need repairs; or that in building a new bridge near the site of an old bridge, it should be erected as heretofore, *upon posts,* so as to be cheap . . .? In short, this Court is not capable of controlling the *exercise* of power on the part of the General Assembly, or of the county authorities, and it cannot assume to do so, without putting itself in antagonism as well to the General Assembly, as to the county authorities, and *erecting a despotism of five men;* which is opposed to the fundamental principles of our government, and the usages of all times past. For the exercise of powers conferred by the Constitution, the people must rely upon the honesty of the members of the General Assembly, and of the persons elected to fill places of trust in the several counties. This court has no power, and is not capable if it had the power, of controlling the exercise of power conferred by the Constitution, upon the legislative department of the government, or upon the county authorities."

Also in *Black v. Comrs., supra,* the plaintiff alleged that certain expenditures made by the County Commissioners were not for necessary expenses; the defendants in their answer alleged they were; whereupon this Court held the pleadings "raised an issue of fact which the Judge

is not authorized to try." The Court said further: "The defendant, probably seeing this trouble in its case, contended that the Court would presume that the Commissioners acted properly, and that the notes were given for *necessary expenses* of the county, and cited *McCless v. Meekins,* 117 N. C. 34, as authority for this contention. But that was where it was not denied but what that indebtedness was based upon the necessary expenses of the county; and this being so, the Court presumed that it was. But where there is an allegation and denial as to whether they were or were not for necessary expenses, the Court can presume nothing."

In the instant case we have no finding one way or the other by the governing authorities of the Town of Weldon, but the defendants, who are the members of the governing board of the Town of Weldon, have elected to demur to the complaint rather than answer and go to trial on the issues raised by the pleadings. Therefore, as we construe the pleadings, we are faced with an allegation that the expenditure was not a necessary expense for the Town of Weldon and an admission that the allegation is true. Even so, the majority opinion not only holds that expenses incurred in training a police officer fall within the class of expenditures that are "necessary expenses," within the meaning of our Constitution, but goes further and finds in the face of the admission to the contrary, that such expense is a necessary one of the Town of Weldon.

In the case of *Wilson v. Charlotte,* 206 N. C. 856, 175 S. E. 306, the City of Charlotte undertook to issue bonds for the purpose of erecting a fire drill tower, to be used in training firemen. The resolution authorizing the bond issue did not recite that such a tower was a "necessary expense" of the City of Charlotte, neither did the trial Judge so find, but on the contrary in the order entered therein the trial Judge stated "the Court is of opinion . . . that the construction of the fire drill tower is not a necessary expense for the City of Charlotte," and there being no exception to such finding of fact, this Court affirmed the judgment. The Court in the face of such finding, which surely could be no stronger than the admission by demurrer here, did not reach the question as to whether or not expenditures for a fire drill tower fall within the class of expenditures which are "necessary expenses," within the meaning of our Constitution. Neither do we, in our opinion, reach the question in this case.

We do not think this Court should usurp the fact finding powers vested exclusively in local municipal authorities, and it has never done so until now. The citizens of our respective municipal corporations have the right to expect and require the governing authorities of such corporations to determine in their sound discretion whether or not a given expense is necessary for that particular locality, and when the governing authorities have determined that an expenditure is a necessary expense for a locality, such finding, made in good faith, is binding on the courts if such expense

falls within the category of necessary expenses. *Black v. Comrs., supra.* However, the governing body of the Town of Weldon has made no such finding with respect to the expenditure involved in this action.

We think the demurrer should have been overruled, and we so vote.

### ADDENDUM.

Since writing the above, the last two pages of the majority opinion, except the paragraph beginning on the preceding page, have been added. In this, they seem to try to say just the opposite to what the opinion decides. The case of *Black v. Comrs., supra,* is directly pertinent on the point at issue.