E. R. BURT, ON HIS OWN BEHALF AND ON BEHALF OF ALL OTHER CITIZENS AND TAXPAYERS OF THE TOWN OF BISCOE SIMILARLY SITUATED AND WHO DESIRE TO MAKE THEMSELVES PARTIES TO THIS ACTION, v. TOWN OF BISCOE, A MUNICIPAL CORPORATION.

(Filed 11 December, 1935.)

**1. Statutes C b—**

Ordinarily, a special statute prevails over a repugnant general statute as an exception to the general statute.

**2. Same—**

The courts will try to harmonize inconsistent and conflicting statutes relative to the same subject-matter in order to give effect to the legislative intent as gathered from the statutes construed together.

**3. Taxation A a—Municipality may issue bonds for necessary purpose without vote under Emergency Bond Act, notwithstanding provisions of local act.**

Defendant municipality was subject to a special act prohibiting the issuance of bonds for sewerage and other designated necessary purposes without a vote. Ch. 208, Public-Local Laws of 1925. Defendant municipality, under an agreement with a Federal agency for a Federal grant, proposed to issue bonds to provide its part of the expense of a sewerage plant without a vote under the provisions of the Emergency Bond Act. Ch. 426, Public Laws of 1935. *Held:* The intent of the Emergency Bond Act is to expedite the issuance of bonds for projects constituting necessary municipal or county expenses for which the Federal Government offers a loan or grant by dispensing with a vote, notwithstanding the restrictions of any general, special, or private act, and a vote is not necessary to the issuance of the proposed bonds by defendant municipality, the provision of the Emergency Act that it should not repeal any private or local act in conflict therewith being precautionary and operating to keep such local acts in full force and effect, except for the issuance of bonds for necessary purposes under the provisions of the Emergency Act, the statutes being reconciled to effectuate the legislative intent to aid the Federal Government in financing certain necessary constructive projects to give relief to the unemployed.

APPEAL by plaintiff from *Clement, J.,* at Chambers, 6 November, 1935. From MONTGOMERY.    Affirmed.

This is a civil action, brought by the plaintiff in the Superior Court of Montgomery County, and heard before Clement, Judge, at the courthouse in Statesville, North Carolina, on 6 November, 1935, upon an agreed statement of facts and from a judgment for the defendant the plaintiff appealed.

The agreed statement of facts is as follows:

"That E. R. Burt, the plaintiff, is a citizen, taxpayer, and qualified voter of the town of Biscoe.

"That the town of Biscoe is a municipal corporation, created by chapter 24, Private Laws of 1901.

"That the town of Biscoe has made application to the Federal Emergency Administration of Public Works, an agent of the United States of America, for a loan of $44,000 and a grant in the sum of $36,000 for the purpose of financing the construction of a water works and sewerage system for the said town, and that the Public Works Administration has agreed to make said loan and said grant to the said town in the amounts named.

"That at a regular meeting of the board of commissioners for the town of Biscoe held on 4 November, 1935, a resolution was adopted whereby was determined that the said town should issue $44,000 negotiable coupons, water and sewer bonds of said town for the purpose of constructing a water works and sewerage system in and for said town,

said bonds to be dated 1 October, 1935, and maturing $1,000 on 1 October in each of the years 1939 to 1950; $2,000 thereof on 1 October in each of the years 1951 to 1963, and $3,000 thereof 1 October in each of the years 1964 and 1965, and under the terms of said resolution the bonds are purported to be issued pursuant to the Emergency Bond Act of 1935 (being chapter 426 of the Public Laws of 1935). The resolution sets forth the form of bond and rate of interest and all details with reference to the issuance thereof, and provides that an annual tax shall be levied and collected sufficient to pay the principal and interest of said bonds as same become due, and that it shall become effective immediately upon its passage and shall not be submitted to the voters of said town.

"It is also admitted that chapter 208 of the Public-Local Laws of 1925, applicable to Montgomery County, is especially pleaded in this action and that same has not been repealed or affected by any act other than by the Emergency Bond Act of 1935.

"That the town of Biscoe proposes to issue bonds in accordance with the terms and provisions of said resolution and said Emergency Bond Act, and that said bonds are proposed to be sold to the United States of America.

"GARLAND S. GARRISS,
*Attorney for Plaintiff.*
R. T. POOLE,
*Attorney for Defendant."*

The judgment of the court below is as follows: "This cause coming on to be heard before his Honor, J. H. Clement, judge, upon an agreed statement of facts, at the courthouse in Statesville, North Carolina, on 6 November, 1935, and being heard, and it appearing to the court that the plaintiff is not entitled to the relief sought in said action: It is therefore ordered, adjudged, and decreed by the court that this action be dismissed at the cost of the plaintiff.          J. H. CLEMENT,

*Judge Presiding."*

To the judgment as signed, the plaintiff excepts and assigns error and appeals to the Supreme Court.

*Garland S. Garriss for plaintiff.*
*R. T. Poole for defendant.*

CLARKSON, J.   The main question involved on this appeal is whether or not bonds may be issued for water works and sewerage system, under

Emergency Municipal Bond Act of 1935, without regard to a particular local act. We think so under the facts and circumstances of this case.

Under Art. VII, sec. 7, of the Constitution of North Carolina, "a vote of the majority of the qualified voters therein" is not necessary when the purpose of the bond issue is for a "necessary expense." It has been decided by this Court that a water works and sewerage system is a necessary expense. *Storm v. Wrightsville Beach,* 189 N. C., 679 (681).

The Emergency Municipal Bond Act, ch. 426, Public Laws 1935, has this in it: The caption of the act is as follows: "An act to authorize cities and towns to issue bonds for municipal improvements for the purpose of financing or aiding in the financing of any work, undertaking, or project to which any loan or grant is or may be made by the United States of America through the Federal Emergency Administrator of Public Works, or through any other agency or department of the United States of America, *and to expedite the procedure for the issuance of such bonds."* (Italics ours.) Section 11: "The powers conferred by this act are in addition to and not in substitution of those conferred by any other act, either general, special, or local, and every municipality may proceed to issue bonds under the provisions of this law notwithstanding any conditions, restrictions, or limitations contained in any other act, whether general, special, or local. Every provision of this law shall be construed as being qualified by constitutional provisions, whenever such construction shall be necessary in order to sustain the constitutionality of any portion of this law," etc. Section 13: "Nothing in this act shall be construed as repealing any general, special, or local law in conflict with this act."

Chapter 208, Public-Local Laws of 1925, sec. 1, is as follows: "That it shall be unlawful within the boundaries of the county of Montgomery for bonds for county, township, school, road or highway, city or town, street or sidewalk paving, water, sewerage, lights or other public purposes, improvements or repairs to be issued without the approval of the qualified voters, to be affected thereby, of the respective city, town, township, or county at large, or within the jurisdiction of the road, highway, school, or other board, or trustees, proposing to issue such bonds: *Provided, however,* that bonds may be issued by the said authorities in the way and manner now provided by law to meet an emergency occasioned by the sudden destruction of property now owned and existing."

The town of Biscoe, a municipal corporation, created by chapter 24, Public Laws of 1901, has made application to the Federal Emergency Administration of Public Works, an agent of the United States of America, for a loan of $44,000 and a grant in the sum of $36,000 for the purpose of financing the construction of a water works and sewer system

for the said town, and the Public Works Administration has agreed to make said loan and grant to the town in the amounts named.

In *Hammond v. Charlotte,* 205 N. C., 469 (472), it is said: "It is a settled principle, subject to exceptions, that where a public or general and a private or special statute relate to the same subject and the two are essentially inconsistent the special statute shall prevail on the theory that it is an exception to the former," citing authorities.

It is also well settled that courts will try to harmonize inconsistent and conflicting statutes relative to the same subject-matter to ascertain the intent of the General Assembly.

In *Blair v. Commissioners,* 187 N. C., 488 (490), we find: "But it is a well settled principle that in case of doubt or ambiguity the two enactments must be construed so as to effectuate the true intent and purpose of the lawmaking body. 'The first canon in the construction of statutes is to ascertain the legislative intent, as gathered from the statute itself, which should be enforced accordingly as the only authentic expression of the popular will. We may consider other statutes relating to the same subject, and the purpose to be accomplished, where there is any real doubt as to the true meaning; but whenever and however discovered, the intent prevails over all other considerations.' *Walker, J.,* in *S. v. Johnson,* 170 N. C., 690."

The caption to the Emergency Municipal Bond Act of 1935 says: "And to expedite the procedure for the issuance of such bonds." Further: "Every municipality may proceed to issue bonds under the provisions of this law notwithstanding any conditions, restrictions, or limitations contained in any other act, whether general, special, or local." The water works and sewerage bonds are a necessary expense under Article VII, section 7, of the Constitution of North Carolina, *supra,* and a vote of the people is not necessary. A vote under the local law would hinder and in no sense expedite the procedure for the issuance of bonds.

We think the language contained in section 13 is merely precautionary in that it expresses the legislative intent that all local laws shall remain in full force and effect except in cases where bonds are issued under this act to secure a loan from the Federal Government for a necessary expense. The act would not be an emergency one if it was restricted as contended by plaintiff. It seems that the very purpose and intent of the General Assembly was to aid the Federal Government in financing certain necessary constructive projects to give relief to the unemployed. This laudable purpose may be destroyed by not reconciling the general and special local act and paramounting the general act under the facts and circumstances of the case.

For the reasons given, the judgment of the court below is

Affirmed.