R. S. RIDDLE, INDIVIDUALLY AS A TAXPAYER OF THE CITY OF CHARLOTTE, AND ON BEHALF OF ALL TAXPAYERS SIMILARLY SITUATED, v. L. L. LEDBETTER, TREASURER OF THE CITY OF CHARLOTTE, A MUNICIPAL CORPORATION.

(Filed 22 November, 1939.)

**1. Municipal Corporations § 5—Powers of municipal corporations.**

A municipal corporation has only those powers expressly granted in its charter and by the general law, construing the acts together, and those powers reasonably implied in or incident to the granted powers which are necessary to effect the fair intent and purpose of its creation, and it may exercise a sound discretion as to the means by which the purposes of its creation may be accomplished.

**2. Municipal Corporations § 11a—City of Charlotte has power to create office of commissioner of police or safety.**

The city of Charlotte, which has the form of government as set forth in plan "D" of the general act as modified by its charter, *is held* to have the power to create the office of commissioner of police or public safety and to provide compensation for the incumbent under the provisions of its charter and the general law, C. S., 2623 (7), 2898, 2899; ch. 366, Public-Local Laws of 1939.

APPEAL by plaintiff from *Gwyn, J.,* at June Term, 1939, of MECKLENBURG. Affirmed.

Plaintiff instituted this action as a citizen and taxpayer of the city of Charlotte to restrain the payment of any money by the defendant City Treasurer to the person named as commissioner of police of the city, on the ground that the city was without power to create such office or position and to provide compensation therefor.

Plaintiff alleged that the city council had adopted a resolution that "it is to the best interests of the city to appoint a commissioner of police,

whose duties shall be to coördinate the various functions of the police department, to develop greater efficiency so that the service of the defendant may be improved," and had thereupon created this office or position and directed the city manager to appoint some suitable person to perform its duties. The complaint further alleged that the city council subsequently adopted another resolution, in amplification of the former resolution, prescribing that the duties of the commissioner of police or safety should be to "investigate and study the budget and various functions of the police department of the city and to advise and recommend to the mayor and city council and to the city manager and chief of police as to the best methods of creating efficiency in said department and of improving the service of said department. . . . All duties to be performed by said commissioner of police or safety or which may be imposed hereafter shall be done and performed under the supervision and direction of the mayor and city council."

The former resolution was reënacted and affirmed. It was alleged that the salary for the person filling the position was fixed at $4,200 per annum. It was alleged that neither by the city charter nor by general law was the city empowered to create and compensate the position of commissioner of police or safety.

The defendant demurred on the ground that it appeared from the complaint that the commissioner of police was appointed pursuant to resolution of the city council, and that it did not appear that this action of the city was beyond its power under the law.

The demurrer was sustained and the plaintiff appealed.

*E. Riggs McConnell, Clayton L. Burwell, and John James, Jr., for plaintiff, appellant.*

*J. M. Scarborough for defendant, appellee.*

DEVIN, J. The only question presented by this appeal is whether the city of Charlotte had power to create the office of commissioner of police or safety, and to provide for the compensation of the incumbent from the city treasury. No point is made as to the form of the action. There is no allegation of want of good faith or of abuse of discretion, or that the creation of the position is not in the public interest. The validity of the action of the city council is assailed only on the ground of want of power.

A municipal corporation has only such powers as are granted to it by the General Assembly in its specific charter or by the general laws of the State applicable to all municipal corporations, and the powers granted in the charter will be construed together with those given under the general statutes. *S. v. Bridgers*, 211 N. C., 235, 189 S. E., 869; *Burt*

v. Biscoe, 209 N. C., 70, 183 S. E., 1; Asheville v. Herbert, 190 N. C., 732, 130 S. E., 861; Dillon Municipal Corporations (5th Ed.), sec. 237.

It is an established principle of law that a municipal corporation possesses and can exercise only those powers expressly granted and those necessarily or fairly implied in or incident to the powers expressly granted, or those essential to the declared purposes of the corporation. 1 Dillon, sec. 237. But it is also true that a municipal corporation may exercise all the powers within the fair intent and purpose of its creation which are reasonably necessary to give effect to the powers expressly granted, and in doing this it may exercise discretion as to the means to the end. Smith v. New Bern, 70 N. C., 14; 1 McQuillin Municipal Corp., sec. 367.

The general statutes relating to municipal corporations provide that each "shall have the powers prescribed by statute and those necessarily implied by law and no other" (C. S., 2623), and "to provide for the municipal government of its inhabitants in the manner required by law" (C. S., 2623 [7]). By C. S., 2898, power is given to appoint "such city officers and employees as the council shall determine are necessary for the proper administration of the city." And it is further provided by C. S., 2899, that "officers and employees of the city shall perform such duties as may be required of them by the city manager, under general regulations of the city council."

These sections, 2898 and 2899, of the Consolidated Statutes, are part of Plan "D" of the general act of 1917 relating to municipalities, and it is prescribed by ch. 366, Public-Local Laws 1939 (the city charter) that the form of government of the city shall be as set forth in Plan "D," subject to the modifications set forth in the act. By sec. 32 (32) of this act the city is given power "to pass such ordinances as are expedient for maintaining and promoting the peace, good government and welfare of the city, and the morals and happiness of its citizens, and for the performance of all municipal functions."

In Simmons v. Elizabeth City, 197 N. C., 404, 149 S. E., 375, where the charter of the city gave authority to appoint a health officer, city attorney and manager, and "all such other officers, deputies and assistants as it should deem necessary," it was held that the city had power to create the office of sanitary inspector and to appoint someone to perform the duties prescribed. To the same effect is the decision in City of Covington v. Hicks (Ky.), 33 S. W. (2), 342, where the creation of the office of supervisor of the fire department and the employment of a person to fill it were held to be within the general powers of the city.

It was said in S. v. Staples, 157 N. C., 637, 73 S. E., 112: "It is well recognized in this State that courts will not interfere with the exercise of discretionary powers conferred upon municipal corporations for the

public welfare unless their action is so clearly unreasonable as to amount to an oppressive and manifest abuse of discretion." In *State v. Swearingen*, 12 Ga., 23, *Lumpkin, J.*, uses this language: "These municipal corporations are the germs and miniature models of free government, and their internal police and administration should not be interfered with for slight causes; not unless some great right has been withheld, or wrong perpetrated." 1 McQuillin Municipal Corporations (2nd Ed.), sec. 390.

We conclude that the city of Charlotte had power under the charter and the general statutes to create the position or office of commissioner of police or safety, and to provide for the compensation of the person duly appointed to perform the duties prescribed. The demurrer was properly sustained, and the judgment of the court below is

Affirmed.