J. R. LAUGHINGHOUSE; T. A. ADAMS, W. W. WOOTEN, W. P. BOYD,. R. C. WHITLEY, JR., P. C. BRINSON, F. E. FARRIS, J. F. HARRIETT,. M. S. PARKER, WILLIAM H. SMITH, P. M. BRATCHER, C. B. CATON, AND J. R. RICKS, MEMBERS OF THE POLICE FORCE OF THE CITY OF NEW BERN ON BEHALF OF THEMSELVES AND SUCH OTHER CITY EMPLOYEES AND CITIZENS AS MAY HEREAFTER BECOME PARTIES-PLAINTIFF, *v.* THE CITY OF NEW BERN, HON. FRED G. HUSSEY, MAYOR, HON. GEORGE ROB- ERTS, MEMBER OF THE BOARD OF ALDERMEN, HON. MACK LUPTON, MEMBER OF THE BOARD OF ALDERMEN, HON. C. L. CARTER, MEMBER OF THE BOARD OF ALDERMEN, HON. WALTER W. SMITH, MEMBER OF THE BOARD OF ALDERMEN, HON. J. R. BELL, MEMBER OF THE BOARD OF ALDERMEN, AND HON. C. L. BARNHART, CITY MANAGER.

(Filed 8 November, 1950.)

**1. Mandamus § 1—**

*Mandamus* can confer no new authority, but will lie only to enforce a clear legal right of the party seeking the writ against a party under legal obligation to perform the act sought to be enforced.

**2. Municipal Corporations § 5—**

A municipal corporation has only such powers as are conferred upon it expressly or by necessary implication by its charter and by the applicable general laws, construed together.

**3. Same—**

Where a municipal corporation is given a specified power both by gen- eral statute and by amendment to its charter, and later the charter amend- ment is repealed, the power under the general statute is left unimpaired and available to the city.

**4. Retirement Systems § 9—**

Defendant municipality became an employer participating in the State Retirement System under authority of General Statutes 128-21 through 128-38, and also under authority of an act amending its charter, Chap. 30, Sec. 1, sub-section 5 (a), 5 (b), Session Laws of 1947. Later the charter amendment was repealed upon approval of the voters, Chap. 650, Session Laws of 1949. *Held:* The municipality retained the power to participate in the State Retirement System by virtue of authority granted by the General Statutes.

**5. Retirement Systems § 8: Elections § 1—**

Where a city has no authority to inaugurate its own retirement system for its employees, there is no authority for the submission of such question to its voters, and a majority vote in favor of such municipal system amounts to no more than an expression of popular opinion on a subject not legally presented.

**6. Mandamus § 2b: Retirement Systems § 10—**

Where a city has become an employer participating in the State Retire- ment System under authority conferred by General Statutes and by an act amending its charter, the repeal of the charter provision leaves its

governing authorities with discretionary power to participate in the retirement system under authority conferred by the General Statutes, and *mandamus* will not lie to compel it to withdraw from the State Retirement System.

APPEALS both by plaintiffs and by defendants from *Frizzelle, J.,* resident of Fifth Judicial District, 23 September, 1950, of CRAVEN.

Civil action for *mandamus* directing the mayor and Board of Aldermen of the city of New Bern (1) to proceed to set up a retirement system for the city of New Bern, and (2) to request refund to the city or directly to the employees involved, of all amounts paid into the North Carolina Governmental Employees' Retirement System by the city and its employees.

Plaintiffs' complaint appears to be constructed on the framework of the following facts:

The charter of the city of New Bern was amended in 1947 so as to authorize the city to participate in the State Retirement System as provided in G.S. 128-21 through G.S. 128-38 inclusive, when the question of the adoption of the amendment should be approved by a majority of the votes cast in a special election. Sub-section 5 (a) and (b) of Section 1 of Chapter 30 of 1947 Session Laws of North Carolina. The question was submitted to, and adopted by a majority of the votes cast at a city election held 2 April, 1947. And as stated in brief of plaintiffs filed in this Court, "The Board of Aldermen did such acts as were necessary to make the city of New Bern a member of the said State system and thereafter regular, authorized payments and contributions were made to the System, and a number of the employees were retired under the provisions of the North Carolina Governmental Employees' Retirement System."

Thereafter, the Board of Aldermen, at meeting in February, 1949, approved the form of a bill to be presented to the Legislature for enactment providing for the city "to withdraw from the North Carolina Local Governmental Employees' Retirement System and for the city to inaugurate its own retirement system."

Subsequent thereto an act was passed by the General Assembly of North Carolina which provided only that "Sub-section 5 (a) and (b) of Section 1 of Chapter 30 of the Session Laws of 1947 be, and the same is, hereby repealed," and that "the foregoing shall not go into effect unless approved by a majority of the votes cast by the qualified voters of the city of New Bern in the election to be held April 5, 1949." Chapter 650 of 1949 Session Laws of North Carolina.

The Board of Aldermen of the city of New Bern prepared and approved an official ballot for the election on 5 April, 1949. On it there were printed directions to the voter to vote for or against "amendment

providing for withdrawing from the North Carolina Governmental Employees' Retirement System, the city to inaugurate its own retirement system." A majority of the votes cast at such election were for the proposal.

The city primary election was also held on 5 April, 1949, at which the incumbents mayor and members of the Board of Aldermen, who were sponsoring the city's withdrawal from the State system were defeated or retired and succeeded by new members who had not officially expressed their opinions on the question.

The Board of Aldermen, in June, 1950, upon advice that it could and should mail to the North Carolina Governmental Employees' Retirement System check which had been withheld, voted to do so.

Upon these facts plaintiffs allege and contend that the result of the election on 5 April, 1949, on the form of ballot submitted constitutes a withdrawal from the State system, and is a mandate to the Board of Aldermen to set up for the city of New Bern its own retirement system, and that, hence, the Board of Aldermen is under clear legal duty to do so.

And plaintiffs pray that *mandamus* issue to require the Board of Aldermen of the city of New Bern (1) to take steps to perfect a withdrawal from the State system, and (2) to set up a city system of retirement.

Defendants demurred to the complaint for that (1) it does not state facts sufficient to constitute a cause of action against defendants, or either of them, and fails to allege facts sufficient to entitle plaintiffs to the relief demanded; and (2) the relief sought by plaintiffs is to compel action of defendants in the exercise of official duties which are discretionary and ministerial.

Defendants, also, answering the complaint deny the legal effect of the vote cast on the referendum submitted 5 April, 1949; and, among other things, aver (1) that the ballot, on the referendum as submitted, is not in conformity with the provisions of Chapter 650 of the 1949 Session Laws of North Carolina, which purported only to repeal sub-section 5 (a) and (b) of Section 1 of Chapter 30 of the 1947 Session Laws of North Carolina, and did not provide that the city inaugurate its own retirement system as printed and shown on the ballot, and the submission of it was without legal sanction and unauthorized; and (2) that, though a majority of the votes cast were in approval of the proposal submitted, neither the vote nor the purported amendment has the effect to compel the Board of Aldermen to inaugurate and establish a retirement system.

Defendants also aver that since 1 June, 1948, the effective date of the city's participation in the State Retirement System, the city of New Bern and its employees have paid to it in excess of $30,000, and the

employees of the city eligible for retirement and retired have received and are receiving monthly allowances and benefits as provided under the State system.

Upon the complaint, and petition filed, an order was entered by the resident judge of the judicial district requiring the city of New Bern, through its legal representatives, to appear at certain time and place, and show cause, if any, why the writ of *mandamus* prayed for should not be issued.

And after hearing, the court (1) overruled the demurrer, and (2) denied the application for *mandamus,* but (3) enjoined defendants from making further monthly payments to the Trustees of the State system until a final adjudication in the cause; and the court also made an order for the preservation of funds paid to the State system by the city of New Bern and its employees, and held as a reserve, etc.

Both plaintiffs and defendants except to the judgment as rendered and each appeals to the Supreme Court and assigns error.

*Charles L. Abernethy for plaintiffs.*

*Lee & Hancock for defendants.*

WINBORNE, J. *On Plaintiffs' Appeal:* The only assignment of error presented here is based upon exception to the refusal of the trial court to grant a writ of *mandamus* as prayed by the plaintiffs. On the facts alleged and shown, the exception is not well taken.

"*Mandamus* lies only to compel a party to do that which it is his duty to do without it. It confers no new authority. The party seeking the writ must have a clear legal right to demand it, and the party to be coerced must be under a legal obligation to perform the act sought to be enforced." *Person v. Doughton,* 186 N.C. 723, 120 S.E. 481; *White v. Commrs. of Johnston,* 217 N.C. 329, 7 S.E. 2d 702; *Steele v. Cotton Mills,* 231 N.C. 636, 58 S.E. 2d 620; *Hancock v. Bulla, post,* 620.

It is provided by statute in this State that a city or town, as a body politic and corporate, "shall have the powers prescribed by statute, and those necessarily implied by law, and no other." See *Riddle v. Ledbetter,* 216 N.C. 491, 5 S.E. 2d 542. In the *Riddle case, Devin, J.,* for the Court, wrote: "A municipal corporation has only such powers as are granted to it by the General Assembly in its specific charter or by the general laws of the State applicable to all municipal corporations, and the powers granted in the charter will be construed together with those given under the general statutes," citing cases.

In the General Statutes of North Carolina 1943, Chapter 128, Article 3, provision is made for a retirement system for counties, cities and towns, or other eligible employers participating therein. The system is known

as the "North Carolina Local Governmental Employees' Retirement System." It became operative 1 July, 1943. The statute also provides that the governing body of any incorporated city or town by resolution legally adopted and approved by the board of trustees of the system, may elect to have its employees become eligible to participate in the retirement system. G.S. 128-23 (1).

The statute further provides that any eligible employer desiring to participate in the retirement system shall file with the board of trustees an application for participation under the conditions included in this article. In such application the employer shall agree to make the contributions required of participating employers, to deduct from the salaries of the employees who may become members the contribution required of members under this article, and to transmit such contributions to the board of trustees. It is also provided that the employer shall also agree to make the employer's contribution for the participation in the retirement system of all employees entering the service of the employer after its participation begins, who shall become members. G.S. 128-23 (3).

And the statute provides that "the agreement of such employer to contribute on account of its employees shall be irrevocable . . ." G.S. 128-23 (5).

Moreover, the General Assembly of 1945 repealed an original provision, G.S. 128-38, that "any county, city or town participating in the retirement system may by action of its governing body later withdraw from the system, and all contributions of employees and employers shall be returned to them or their representatives." See 1945 Session Laws, Chapter 526, Section 8.

Such was the statute in 1947 when the charter of the city of New Bern was amended by Sub-section 5 (a) and (b) of Section 1 of Chapter 30 of 1947 Session Laws of North Carolina,—the amendment being approved by a majority of the votes cast in the election held on 2 April, 1947.

So, then, when the city of New Bern became a participating member of the State system, 1 June, 1948, it was authorized to do so both by the General Statute, available to all incorporated cities, and by the special amendment to its charter "that the city . . . shall participate in the State retirement system as provided in Section 128-121 through 128-138, inclusive, General Statutes, North Carolina." (The correct Sections are 128-21 and 128-38).

What then is the effect of the provisions of Chapter 650 of 1949 Session Laws? Its sole provision is to repeal "sub-section 5 (a) and (b) of Section 1 of Chapter 30 of the Session Laws of 1947,"—the repeal not to become effective "unless approved by a majority of the votes cast by the qualified voters of the city of New Bern in the election to be held April 5,

1949." If it be conceded that the ballot voted in the election of 5 April, 1949, properly presented the question of the repeal to the electorate, and that the vote cast constitutes an approval of the repeal as provided in the act, the only effect would be to strike down the special authority given to the city, under the 1947 act, and to leave unimpaired and available to the city the provisions of the general statute, Article 3 of Chapter 128 of General Statutes. However, it may be fairly doubted that the form of ballot, provided by the Board of Aldermen of the city of New Bern for the election on 5 April, 1949, presented the question for approval as required by the 1949 act. But be that as it may, it is clear that the General Assembly in the Act of 1949, gave no authority to the city of New Bern to inaugurate its own retirement system. And so far as we have ascertained, the General Assembly has not otherwise granted such authority to the city of New Bern. Hence the Board of Aldermen of the city was without authority to insert in the ballot the clause "the city to inaugurate its own retirement system." Thus the majority vote for the proposal is without binding effect. It amounts to no more than an expression of popular opinion on a subject not legally presented.

*On Defendants' Appeal:* The first and determinative assignment of error on this appeal challenges the correctness of the order overruling defendants' demurrer to the complaint, on the ground, in the main, that it fails to state facts sufficient to constitute a cause of action. The purpose of this action is to obtain a writ of *mandamus* to require the Board of Aldermen of the city of New Bern to effect a withdrawal of the city from the North Carolina Local Governmental Employees' Retirement System. The facts alleged in the complaint fail to make out a case for such relief. What is said on plaintiffs' appeal, as hereinabove set forth, is determinative of the assignment of error here under consideration. We hold, therefore, that the demurrer of defendants is well taken.

Moreover, for like reason the complaint fails to state a cause of action in support of the matters to which the injunction relates.

On plaintiffs' appeal—Affirmed.

On defendants' appeal—Reversed.