LUMBEE RIVER ELECTRIC MEMBERSHIP CORPORATION AND NORTH CAROLINA ELECTRIC MEMBERSHIP CORPORATION v. THE CITY OF FAYETTEVILLE, THE PUBLIC WORKS COMMISSION OF THE CITY OF FAYETTEVILLE, AND SOUTHWEST DEVELOPMENT CORPORATION OF CUMBERLAND COUNTY

No. 8212SC173

(Filed 1 February 1983)

Electricity § 2.3— furnishing electric service to subdivision—granting motion to dismiss for defendants error

The trial court erred in granting defendants' motion to dismiss at the close of plaintiffs' evidence in an action which plaintiffs instituted to seek a

temporary restraining order and preliminary and permanent injunctions to prohibit defendants from furnishing electric service to their subdivision. Plaintiff, a non-profit electric membership corporation owned public utility, was subject to more governmental regulation than the Public Works Commission, the subdivision is located four miles outside the Fayetteville city limits, and the extension outside the corporate limits of the electric service may or may not be within reasonable limitations. G.S. 160A-312.

APPEAL by plaintiffs from *Braswell, Judge.* Judgment entered 1 October 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 9 December 1982.

Plaintiffs appeal from the dismissal of their action and the entry of judgment in favor of defendants.

Southwest Development Corporation (Southwest), developer of Montibello, a residential subdivision located four miles outside the Fayetteville city limits, entered into a contract with the defendant Public Works Commission (PWC) in which the PWC agreed to provide electric power to Montibello. Plaintiffs instituted this action seeking a temporary restraining order and preliminary and permanent injunctions to prohibit the PWC from furnishing electric service to Montibello. Plaintiffs alleged that plaintiff, Lumbee River Electric Membership Corporation (Lumbee River) had been granted the exclusive right to serve the area pursuant to a territorial assignment by the North Carolina Utilities Commission (Utilities Commission). Defendants answered, denying the material allegations of the complaint.

The parties stipulated to the following facts before trial: In 1969, the Utilities Commission, pursuant to G.S. 62-110.2(c)(1), assigned the territory including the Montibello subdivision to plaintiff Lumbee River Electric Membership Corporation (Lumbee River), a non-profit electric membership corporation owned public utility. Lumbee River, subject to substantially more governmental regulation than Public Works Commission, is required by law to extend electric service to any consumer requesting service from it within its assigned territory. Lumbee River operates a district office approximately two miles from the subdivision and currently has in place a single-phase 7.2 power line directly across from the subdivision property approximately 170 feet from the subdivision entrance. This line provided power to a resident located on the subdivision tract until 1957, after which the line to

the residence was removed. Lumbee River also has a three-phase 7.2/12.5 kv line approximately 1,850 feet from the subdivision. It is ready, willing and able to serve residents in the Montibello subdivision.

Public Works Commission, which provides power within the City of Fayetteville and outside the city limits, is an agency of the City of Fayetteville. Its rates are not regulated by the Utilities Commission, nor is it required to extend service to any consumer outside the city limits. It may, however, as allowed by G.S. 160A-312, extend service beyond the city limits "within reasonable limitations." Pursuant to the contract with Southwest, it has constructed 1,148 feet of three-phase 14.4/24.9 kv electric power line running parallel to the Lumbee River line to the entrance of the subdivision. The parties also stipulated:

> If Lumbee River Electric Membership Corporation is successful, it will pay PWC the total installed cost of the total electric system devoted solely to said subdivision and the total purchase cost of any spare dual voltage transformers purchased by PWC for such electric service less the costs of any non-dual voltage transformers.

The case was tried before a judge sitting without a jury. At the close of plaintiff's evidence, defendants moved for a directed verdict. In allowing the motion, the court made findings of fact and concluded that the extension of services outside the city limits by the Public Works Commission was "within reasonable limitations" within the meaning of G.S. Sec. 160A-312. The court accordingly entered judgment in favor of defendants.

*Crisp, Davis, Schwentker and Page, by William T. Crisp and Joyce L. Davis, for plaintiff appellants.*

*Reid, Lewis and Deese, by Richard M. Lewis, Jr., and Renny W. Deese, for defendant appellees.*

VAUGHN, Chief Judge.

In a trial without a jury, the proper motion to test the sufficiency of the plaintiff's evidence to show a right to relief is a motion to dismiss pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure. *Tanglewood Land Co. v. Wood,* 40 N.C. App.

133, 252 S.E. 2d 546 (1979). Accordingly, we will treat defendants' motion for a "directed verdict," as a motion to dismiss. Plaintiffs argue that the court erred in allowing the motion to dismiss.

In ruling on a motion made under Rule 41(b), the judge may weigh the evidence, find the facts against plaintiff and sustain defendant's motion at the conclusion of his evidence even though plaintiff has made out a prima facie case which would preclude a directed verdict for defendant in a jury case. *Helms v. Rea*, 282 N.C. 610, 194 S.E. 2d 1 (1973). We conclude that the facts found and the stipulations of the parties do not support the conclusion that the proposed extension of services to the subdivision is "within reasonable limitations."

The facts in the present case are substantially similar to those in *Domestic Electric Service, Inc. v. City of Rocky Mount,* 285 N.C. 135, 203 S.E. 2d 838 (1974). Domestic Electric Service, Inc. (Domestic), sought an injunction against the City of Rocky Mount to prevent it from extending electric service to an apartment complex outside the city limits in a territory that had been assigned to Domestic. The trial court refused to grant the injunction, concluding that the extension was within reasonable limitations within the meaning of G.S. 160A-312, which reads in pertinent part:

> A city shall have authority to acquire, construct, establish, enlarge, improve, maintain, own, operate and contract for the operation of any or all of the public enterprises as defined in this Article to furnish services to the city and its citizens. Subject to Part 2 of this Article, a city may acquire, construct, establish, enlarge, improve, maintain, own, and operate any public enterprise outside its corporate limits, *within reasonable limitations,* but in no case shall a city be held liable for damages to those outside the corporate limits for failure to furnish any public enterprise service. (Emphasis added.)

On appeal, this Court reversed the judgment of the trial court. 20 N.C. App. 347, 201 S.E. 2d 508 (1974). The Supreme Court affirmed our decision, but on different grounds, holding that the extension outside the corporate limits was not within reasonable limitations. Justice Lake wrote:

It is equally clear that without legislative authority the (city) would not be permitted to extend its lines beyond the corporate limits for the purpose of selling electricity to nonresidents of the city. . . . Its power to extend its lines and distribute electric current beyond its corporate boundaries is expressly restricted to "reasonable limitations." . . . The primary function of a municipal corporation is to provide local government within its limits and authorized services to its inhabitants, not to engage in business enterprises for profit outside its corporate limits. . . . The term "within reasonable limitations" does not refer solely to the territorial extent of the venture but embraces all facts and circumstances which affect the reasonableness of the venture. (Citations omitted.)

285 N.C. at 144, 203 S.E. 2d at 844. In concluding that the extension beyond the city limits exceeded reasonable limitations, Justice Lake found the following facts and circumstances to be decisive: Domestic, the investor-owned utility, had been assigned the territory by the Utilities Commission, had its service lines in the immediate vicinity of the apartments, and was ready, willing, and able to serve the apartment complex. There was nothing to indicate that its service would not be adequate. Domestic's rates were subject to regulation by the Utilities Commission, while the city's rates were subject to no regulation except by the city. Substantially all of those factors are present in the case before us. Moreover, *Domestic Electric* involved a contiguous tract, part of which was inside the city limits, and the controversial part of which was outside the city limits. In the present case, however, the Montibello subdivision is located four miles outside the Fayetteville city limits. Hence, Lumbee River has a more favorable case.

Defendants argue that the General Assembly, by revising and consolidating the Charter of the City of Fayetteville, authorized the extension of electric service by the city to anywhere in Cumberland County as provided in Section 6.19 of the Charter. *See,* 1979 N.C. Sess. Laws Ch. 557. This revision occurred in 1979, well after the General Assembly had adopted the Electric Act in 1965 of which G.S. 160A-312 is a part and after the *Domestic Electric* decision. According to defendants, this action by the General Assembly reinforced the city's right to extend its

services outside the city limits. This argument is not persuasive. As a general rule, a municipal corporation has only such powers granted to it by the General Assembly in its specific charter or by the general laws of the State applicable to all municipal corporations, and the powers granted in the charter will be construed together with those granted in the general statutes. *Riddle v. Ledbetter*, 216 N.C. 491, 5 S.E. 2d 542 (1939). Thus, construing the Charter together with G.S. 160A-312, the City of Fayetteville can only extend electric service in Cumberland County "within reasonable limitations."

Although on the evidence and stipulations in this record plaintiff was entitled to judgment as a matter of law, the judge terminated the trial at the close of plaintiff's evidence. It would have been better to have waited until defendant offered its evidence, if any. *Helms v. Rea*, supra. As a practical matter, there appears to be little dispute as to the facts. Procedurally, however, defendant is entitled to offer any evidence it might have to compel a result different from that reached in this opinion.

The judgment of dismissal against plaintiff must be reversed. The case is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges WEBB and WHICHARD concur.